John W. GORDY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9605–CR–199.

Court of Appeals of Indiana.

Dec. 5, 1996.

Kurt A. Young, Nashville, for appellant–defendant.

Pamela Carter, Attorney General, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for appellee–plaintiff.

## OPINION

SHARPNACK, Chief Judge.

John W. Gordy appeals his sentence for conspiracy to commit forgery, a class C felony,[1] and theft, a class D felony.[2] The sole issue raised for our review is whether the trial court erroneously required him to establish paternity for four of his children as a condition of probation. We affirm.

The facts most favorable to the judgment follow. On March 14, 1995, Gordy asked Lisa Denning to cash a check for him. The check was for $810.00 from the Aid for Families with Dependent Children program (AFDC) and was written to Shirley Bullock, the mother of Gordy's five children. Gordy had previously taken the AFDC check from Bullock's mailbox along with a public housing check and several utility bills. Denning agreed to cash the check.

After attempting unsuccessfully to cash the check at a liquor store, Denning and Gordy went to Check Cashing Express. Denning asked Donna Wilburn, the cashier, to cash the check, but Wilburn refused because Denning did not have any identification. Denning then attempted to use Bullock's utility bills as a form of identification. Denning gave Wilburn a false social security number and birth date.

Wilburn checked Bullock's information on the office computer and discovered that the information given by Denning was fictitious. Wilburn then called the phone number listed for Bullock in the records. When Wilburn explained that an individual was attempting to cash the AFDC check in her name, Bullock informed Wilburn that she did not give permission to cash the check. Wilburn called the police, who later arrested Gordy.

On March 15, 1995, the State charged Gordy with forgery, conspiracy to commit forgery, and theft. The court conducted a trial on November 22, 1995, after which Gordy was found guilty of conspiracy to commit forgery and theft. On December 21, 1995, the trial court conducted a sentencing hearing. The trial court imposed a term of probation as part of the sentence. One of the conditions of his probation was that Gordy was required to establish paternity for four of the children he had with Bullock. Gordy now appeals this imposition of this condition.

The sole issue for our review is whether the trial court erred when it required Gordy to establish paternity for four of his children as a condition of probation. Gordy contends that "[s]uch a condition is not properly part of probation, and as such, is manifestly unreasonable." Appellant's brief, p. 12.

■■■ The authority to fix a sentence within statutorily prescribed parameters is a discretionary power vested in the trial court. *Barany v. State*, 658 N.E.2d 60, 67 (Ind. 1995). A sentence is manifestly unreasonable if no reasonable person would find it appropriate given the particular offense and offender. Ind. Appellate Rule 17(B); *Hurt v. State*, 657 N.E.2d 112, 114 (Ind.1995). This sentencing power includes the statutory discretion to suspend and to order probation and set out its terms. *Johnson v. State*, 659 N.E.2d 194, 198 (Ind.Ct.App.1995), *reh'g denied*. Probation is a matter of grace and a conditional liberty that is a favor, not a right. *Million v. State*, 646 N.E.2d 998, 1002 (Ind. Ct.App.1995).

■■■ The trial court is granted broad discretion in establishing conditions of probation to safeguard the general public and to create law abiding citizens. *Johnson*, 659 N.E.2d at 198. The discretion afforded trial courts to set probation terms has been described as follows:

"The sentencing judge has a broad power to impose conditions designed to serve the accused and the community. The only limitation is that the conditions have a reasonable relationship to the treatment of the accused and the protection of the public. The object, of course, is to produce a law

---

1. Ind.Code §§ 35–43–5–2, 35–41–5–2.

2. I.C. § 35–43–4–2.

abiding citizen and at the same time to protect the public against continued criminal or antisocial behavior."

*McCloud v. State*, 452 N.E.2d 1053, 1056 (Ind.Ct.App.1983), *reh'g denied*, 456 N.E.2d 751. Because of the broad discretion granted the trial court, our review is essentially limited to determining whether the condition to establish paternity here is reasonably related to attaining these goals.[3]

■ Pursuant to statute, the trial court may require the defendant to fulfill certain conditions as part of probation. Ind.Code § 35–38–2–2.3. This statute states in relevant part that: "(a) As a condition of probation, the court may require a person to do a combination of the following: ... (4) Support the person's dependents and meet other family responsibilities.... (14) Satisfy other conditions reasonably related to the person's rehabilitation." I.C. § 35–38–2–2.3(a). Although the trial court may clearly require an individual to support his dependents as a condition of probation, the statute is silent as to whether a court can specifically require a probationer to establish paternity of any children.

During the trial, Gordy and Bullock both testified that they had five children together. At the sentencing hearing, Gordy requested that the trial court sentence him to probation in lieu of an executed sentence so that he could return to work and support his children. In addition, Gordy repeatedly informed the trial court that he wanted to support the children. After learning that paternity had already been established for the oldest child, the trial court asked Gordy the following:

"THE COURT: But I think that if you're concerned about your children, as I'm going to trust you that you are, I think that one of the things the Court needs to see is that paternity be formally established for those children so that you're telling the world those are my children and I'm going to be responsible for them. Okay?

MR. GORDY: May I say something?

THE COURT: Yes.

MR. GORDY: I never ever had any problem taking care of my kids, because when I eat I feel they ought to eat....

THE COURT: Right. That's all well and good, but I think you understand because of the fact that paternity is established for [the oldest child] that you can make sure that the world knows they are your kids.

MR. GORDY: Oh yeah...."

Record, pp. 198–199.

Clearly, Gordy did not contest the condition related to paternity during the hearing. In fact, he repeatedly volunteered that he was the children's father throughout the trial and the sentencing hearing. Further, Gordy identified his children's need for support as the primary reason justifying probation in this case. Considering these circumstances, we find that the probation condition cannot be described as unreasonable given the particular offense and offender.

Furthermore, the condition to establish paternity is not outside the authority granted a sentencing court and is reasonably related to safeguarding the general public and to creating law abiding citizens. *See Johnson*, 659 N.E.2d at 198. The trial court is specifically authorized to require that the defendant support any dependents and meet other family responsibilities as a condition of probation. I.C. § 35–38–2–2.3(a). Under these circumstances, we find that requiring Gordy to initiate paternity proceedings is part of effectuating the goal of requiring Gordy to support his dependents and meet other family responsibilities. Establishing paternity would

---

**3.** In cases where a defendant contends that a probation condition is unduly intrusive on a constitutional right, the following three factors are balanced: (1) the purpose sought to be served by probation; (2) the extent to which constitutional rights enjoyed by law abiding citizens should be afforded to probationers; and (3) the legitimate needs of law enforcement. *Johnson v. State*, 659 N.E.2d 194, 199 (Ind.Ct.App.1995), *reh'g denied; Patton v. State*, 580 N.E.2d 693, 698 (Ind.Ct.App. 1991) *trans. denied*. Because Gordy does not allege that the probation condition requiring him to establish paternity infringes on a constitutional right, we will not apply this test. *See Patton*, 580 N.E.2d at 698.

create a legal obligation to support the children. This obligation safeguards the general public and helps create a law abiding citizen by requiring Gordy to accept responsibility for his family and by structuring the support he has offered to provide for the children, thereby minimizing the amount of public assistance needed to raise them. *See Johnson,* 659 N.E.2d at 198. Furthermore, this legal obligation to support the children would serve as a deterrent against stealing checks from Bullock in the future. As a result, the condition is reasonably related to the goals for probation conditions. *See id.*

Therefore, we hold that the probation condition imposed by the trial court requiring Gordy to establish paternity of four of his children is not beyond the scope of the authority of the trial court under these circumstances. Accordingly, the trial court did not err, and the judgment is affirmed.

AFFIRMED.

BARTEAU and RUCKER, JJ., concur.