Thomas J. FREIJE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 32A05–9803–CR–128.

Court of Appeals of Indiana.

Sept. 18, 1998.

Robert E. Saint, P.C., Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Rosemary L. Borek, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Thomas J. Freije appeals from his conviction for arson with intent to defraud, a Class C felony, pursuant to a plea agreement. The facts most favorable to the judgment appear below.

On September 30, 1995, Freije set fire to his apartment building to recover insurance proceeds. Freije was charged by information with four Class B felonies and one Class C felony on November 1, 1995. On August 20, 1997, Freije signed a plea agreement, which reads in relevant part as follows:

1. The Defendant will plead guilty to COUNT 5, ARSON—INTENT TO

DEFRAUD, a Class C FELONY pursuant to I.C. 35–43–1–1(c).

\* \* \* \* \* \*

3. The Defendant shall receive sentence of 2190 days at the Indiana Department of Corrections with 2188 days suspended and credit for 1 day actually served and the balance of the time to be suspended.

4. The Defendant shall be placed on probation for a period of 2188 days of which the first 365 days must be monitored by the Hendricks County Superior Courts Probation department. Thereafter, the Defendant may petition the Court to request a transfer of the probation to another county.

\* \* \* \* \* \*

6. At the time of sentencing the Defendant shall provide to the State of Indiana a Certified Check or Money Order payable to Ameritech in the amount of $399.66.

7. State will dismiss Counts 1, 2, 3, and 4

. . .

On August 21, 1997, Freije appeared at a hearing to review the terms and consequences of the plea agreement with the court. The court ordered Freije to meet with Hendricks County Probation Officer Bridget P. Lenahan, who filed a pre-sentence investigation report with the court on September 26, 1997.

On October 3, 1997, Freije appeared for his sentencing hearing, during which the court ordered him to undergo a psychiatric evaluation:

[T]herefore in order to evaluate the Plea itself, and whether or not I will accept it and whether or not Probation, I mean what the terms of probation would be, I'm going to require you to have a psychiatric examination done, at your expense.

Neither Freije nor defense counsel objected to this ruling, and Freije was interviewed by Dr. Helio Perez on October 11, 1997.

On November 25, 1997, Freije appeared for the final sentencing hearing, during which his guilty plea was entered and accepted by the court. As a condition of his probation, the court placed Freije on home detention for two years. Defense counsel suggested that home detention constituted a "material change" of the plea agreement. The court cited *Antcliff v. State*, 688 N.E.2d 166 (Ind.Ct.App.1997) in support of its statutory discretion to determine conditions of probation and granted both parties a brief recess to review the case.

After listening to oral arguments, the court reaffirmed its decision to place Freije on home detention. The court also ordered him to pay $1,150 in probation user fees for the home monitoring device; to be evaluated for substance abuse treatment at a cost of $100; to perform 650 hours of community service; and to complete a counseling program. Freije filed a timely objection to most of the court's probation conditions, but he did agree to complete the counseling program. Freije filed a motion for stay of execution on December 3, 1997, which the court denied on December 12, 1997. He now appeals.

The sole issue for review is whether the trial court abused its discretion in imposing the above conditions on Freije's probation.

 In reviewing the validity of the probation conditions, we note that trial courts possess discretionary power to determine a sentence "within statutorily prescribed parameters." *Gordy v. State*, 674 N.E.2d 190, 191 (Ind.Ct.App.1996). A court's sentencing power includes the statutory discretion to order probation and set out its terms. *Id.* Trial courts are accorded broad discretion in establishing conditions of probation. *Id.* A probation order will be set aside on appeal "only upon a showing that the trial court abused its discretion." *Reinbold v. State*, 555 N.E.2d 463, 471 (Ind.1990), *overruled on other grounds, Wright v. State*, 658 N.E.2d 563, 570 (Ind.1995).

 Both Freije and the State rely on *Antcliff* to support their contentions. *Antcliff* refers to IND. CODE § 35–35–3–3(e), which states that "[i]f the court accepts a plea agreement, it shall be bound by its terms." *Antcliff*, 688 N.E.2d at 168. When imposing the required sentence, the court is permitted only that degree of discretion provided in the plea agreement. *Id.* at 168,

citing *Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind.1994). In *Antcliff*, the plea agreement specifically provided that the terms of defendant's probation were to be left to the trial court's discretion. *Antcliff*, 688 N.E.2d at 168. Freije argues that because no such language was included in his plea agreement, the trial court had no authority to impose "additional and material changes" to his probation conditions.

IND. CODE § 35–38–2–2.3 specifies twenty statutory obligations that a trial court may impose upon a defendant as a condition of probation: subsection (2) requires a defendant to undergo "available medical or psychiatric treatment"; subsection (13) provides for "uncompensated work that benefits the community"; and subsection (15) authorizes home detention. Freije's plea agreement did not specify any conditions of probation under IND. CODE § 35–38–2–2.3, and the court's stipulation of two years' home detention did not exceed the mandated two,188–day probation limit. Similarly, Freije's community service requirement did not extend beyond that six-year limit.

█ Because Freije's plea agreement did not restrict the trial court's authority to impose conditions of probation, and because the court did not exceed its statutory authority to impose those conditions under IND. CODE § 35–38–2–2.3, we hold that the trial court did not abuse its discretion in determining Freije's probation conditions. Freije did not object to the court's declaration that it would set the conditions of probation. During the October 3, 1997 sentencing hearing, the court ordered Freije to undergo a psychiatric evaluation, which was sent to the Probation Department and "recommend[ed] to the Court what type of probation terms would be appropriate."

█ Freije cites *Disney v. State*, 441 N.E.2d 489 (Ind.Ct.App.1982) to support his contention that the trial court's probation conditions were essentially restitutional and "imposed a substantial obligation of a punitive nature" and therefore should have been specifically included in the plea agreement. *Disney*, 441 N.E.2d at 494. Freije's argument is not convincing. Home detention is not equivalent to incarceration in prison.

*Antcliff*, 688 N.E.2d at 169. Freije may attend employment, counseling, and education programs approved by the court, in addition to religious services. Furthermore, the $1,150 user's fee for the home detention monitoring device cannot be considered restitution. The fee is intended to cover administrative costs, not to compensate an aggrieved party. Finally, the community service requirement must be considered rehabilitative, rather than punitive or restitutional in nature. The court mandated this probation condition because of the potential consequences of Freije's arson: "[T]his could have been a tragedy, [ ] taking many lives, and it is a very serious case." Community service would "safeguard the general public" and "help create a law abiding citizen" by requiring Freije to accept responsibility for his actions. *See Gordy*, 674 N.E.2d at 192–193. Therefore, the conditions of probation were not required to be specified in the plea agreement.

The judgment of the trial court is affirmed.

Affirmed.

SHARPNACK, C.J., concurs.

SULLIVAN, J., concurring in part and dissenting in part with separate opinion.

SULLIVAN, Justice, concurring in part and dissenting in part.

The plea agreement clearly contemplates that defendant might, after the first 365 days of probation, seek and obtain removal of his home to another county and to transfer supervision of the second year of probation to the new county. Unlike the disputed plea agreement in *Antcliff v. State* (1997) Ind. App., 688 N.E.2d 166, the agreement here did not leave the matter of the terms of probation to the complete discretion of the sentencing court. To the contrary, the agreement would appear to be incompatible with two years of home detention as a condition of probation.

At best, I believe the agreement, by its requirement of monitoring the first 365 days of probation by the Hendricks County authorities, left open the question of home de-

tention as a condition of probation **for that period.** I agree that, as to that period, the sentencing court did not abuse its discretion in ordering home detention as a condition of probation. I further believe that the agreement, in contemplating a residential move from Hendricks County to another county, is inconsistent with an order for home detention for the full period of probation.

To be sure, the agreement was perhaps inartfully drawn. It could have clearly left the matter of the terms of probation to the sentencing court's discretion. It could have stated that such terms as may be imposed by the sentencing court would be of full force and effect for the entire period of probation and without regard to the county in which the defendant might legally reside during the period. It did not do so.

Furthermore, I note that the court ordered Freije to pay $1,150 in probation user fees for the home monitoring device. Presumably this payment was earmarked for Hendricks County alone and was either for a period of one year, in light of a contemplated change of county for the second year, or if for the full two years would not compensate the new county for its home detention supervision.

I would affirm the conviction but would remand with instructions to modify the home detention provision in order to limit it to the first 365 days of probation.