798 N.E.2d 904 (2003)
L.W., Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 49A02-0306-JV-464.
Court of Appeals of Indiana.
November 20, 2003.
*905 Steven J. Halbert, Indianapolis, IN, Attorney for Appellant.
Steve Carter, Attorney General of Indiana, Christopher C.T. Stephen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
BAKER, Judge.
Appellant-respondent L.W. appeals a disposition of informal home detention after a finding that he Carried a Handgun Without a License,[1] an act that would be a class A misdemeanor if committed by an adult. Specifically, L.W. claims that after a plea agreement had been submitted to the juvenile court, informal home detention, a punishment not agreed to by the parties, was imposed. Concluding that informal home detention is only a condition of probation and not punitive when it is imposed pursuant to a plea agreement, we affirm.

FACTS
The facts most favorable to the judgment reveal that on February 19, 2003, L.W.'s mother spoke with City of Lawrence Police Sergeant Rick Harris and told him that her fifteen-year-old son had buried a handgun in the snow. L.W.'s mother gave Sergeant Harris directions to the gun's location, and he retrieved the firearm.
*906 Later that day, Sergeant Harris spoke with L.W., first advising him that he was not under arrest and that he did not have to say anything. L.W. told Sergeant Harris that he understood but that he wanted to speak about the gun. L.W. stated that he had been robbed two weeks ago and obtained the weapon "to retaliate." Appellant's App. p. 9. L.W. stated that he changed his mind and, thus, buried the handgun in the snow.
On February 27, 2003, the State filed a petition of delinquency alleging that L.W. was delinquent for carrying a handgun without a license. On March 27, 2003, the State and L.W. informed the juvenile court that a plea agreement had been entered into, with L.W. agreeing to plead guilty in exchange for permission to attend his grandfather's funeral and the State's recommendation that the juvenile court impose suspended commitment to the Indiana Boys' School. As a condition of release pending the dispositional hearing, the State asked for "some form of home detention," Tr. p. 9, and the juvenile court ordered informal home detention, which provided that L.W. "can leave to attend school" and "leave [the home] if [L.W.] is accompanied by [his father] or another adult." Tr. p. 9.
At the dispositional hearing held April 24, 2003, the juvenile court noted that the Probation Department recommended that L.W. be placed on informal home detention as a condition of his suspended commitment to the Indiana Boys' School. The juvenile court asked L.W.'s father, "Do you believe that [the informal home detention restrictions] would assist you in making sure that your son doesn't engage in any, in any delinquent acts in the future?" Tr. p. 12. L.W.'s father replied, "Yes." Tr. p. 12. L.W., though, objected to informal home detention as a condition of probation because such a provision was not in the plea agreement. Specifically, L.W. argued that informal home detention was "a deprivation of his liberty" and punitive. Tr. p. 14. The juvenile court disagreed, holding that informal home detention was not punitive but was "a valuable tool to aid and assist the parents." Tr. p. 14. The juvenile court then accepted the plea agreement, imposed suspended commitment to the Indiana Boys' School, and made informal home detention a condition of probation. L.W. now appeals.[2]

DISCUSSION AND DECISION
We first note that the choice of a specific disposition of a juvenile adjudicated a delinquent child is within the sound discretion of the juvenile court, subject to the statutory considerations of the welfare of the child, the community's safety, and the policy favoring the least harsh disposition. E.H. v. State, 764 N.E.2d 681 (Ind. Ct.App.2002). A juvenile disposition will not be reversed absent a showing of an abuse of discretion. Such abuse occurs when the juvenile court's action is clearly erroneous and against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id.
We also note that while a trial court is bound by the terms of an accepted plea agreement, "trial courts are free to impose administrative or ministerial conditions `such as reporting to the probation *907 department, notifying the probation officer concerning changes in address or place of employment, supporting dependents, remaining within the jurisdiction of the court, [and] pursuing a course of vocational training[.]'" Freije v. State, 709 N.E.2d 323, 324-25 (Ind.1999) (alterations in original)(quoting Disney v. State, 441 N.E.2d 489, 494 (Ind.Ct.App.1982)). Moreover, "conditions that do not materially add to the punitive obligation may be imposed consistent with the court's obligation to be `bound by its terms.'" Id.
L.W. cites State ex rel. W.A. v. Marion County Superior Court, 704 N.E.2d 477 (Ind.1998), for the proposition that "juvenile home detention is a significant restriction on liberty and cannot be ordered without invoking the statutory protections for juveniles." Appellant's Br. p. 5. The factual situation in W.A., however, was very different from that of the present case. In W.A., the juvenile was placed on informal home detention[3] and the juvenile court scheduled a fact-finding hearing on a date that was more than twenty days from the date on which W.A.'s delinquency petition was filed. Id. at 478. W.A. filed a mandamus action seeking release. Specifically, W.A. alleged that the juvenile court had violated Indiana Code section 31-37-11-2(a), which states that
If:
(1) a child is in detention; and
(2) a petition has been filed; a fact-finding hearing . . . must be commenced not later than twenty (20) days, excluding Saturdays, Sundays, and legal holidays, after the petition is filed.
Id. at 481 (omission in original)(quoting Ind.Code § 31-37-11-2(a)). Our supreme court succinctly stated the matter at issue:
[T]he question becomes whether the informal home detention qualifies as detention for purposes of § 31-37-11-2. If so, then the court was required to hold the fact-finding hearing to be held within twenty days as required by subsection (a). If not, then the court could have scheduled the hearing for anytime within sixty days, as required by subsection (b).
Id. (emphasis added). Our supreme court concluded that "home detention still qualifies as detention to bring it within the time requirements of § 31-37-11-2." Id.
Here, Indiana Code section 31-37-11-2 is not even at issue inasmuch as L.W. was placed on informal home detention at the close of his dispositional hearing. A fact-finding hearing was not conducted in this case because L.W. and the State entered into a plea agreement. As a result, a fact-finding hearing was unnecessary and Indiana Code section 31-37-11-2 was never invoked. Thus, L.W.'s reference to W.A. is misplaced.
Furthermore, we view the informal home detention requirements placed on L.W. as conditions of probation similar to those supported in Freije. Requirements such as keeping in contact with the probation department, providing financial support to dependents, and remaining within the court's jurisdiction were approved of in Freije because they did "not materially add to the punitive obligation [and] may be imposed consistent with the court's obligation to be `bound by its terms.'" Freije, 709 N.E.2d at 325 (quoting Disney, 441 N.E.2d at 494) (alteration added). Similarly, *908 the requirement that a juvenile be compelled to remain at home unless at school or accompanied by a parent or guardian does not "add to the punitive obligation" but instead assists the juvenile's parents in ensuring that their child does not commit further delinquent acts. Like the conditions of probation approved of in Freije, informal home detention is authorized in delinquency cases unless specifically excluded by a plea agreement.
In sum, because informal home detention imposed as a condition of probation is not punitive, the trial court committed no error when it required that L.W. leave his home only to attend school or when accompanied by a parent or guardian.
Affirmed.
BROOK, C.J., and SHARPNACK, J., concur.
NOTES
[1] Ind.Code § 35-47-2-1.
[2] We acknowledge that this matter is moot inasmuch as L.W.'s probationary period has expired. Appellant's App. p. 38. Notwithstanding this fact, however, it is likely that a similar circumstance will recur. Consequently, we address the substantive issues in this appeal.
[3] Counsel for the appellee states that "W.A. dealt with formal home detention, rather than informal home detention." Appellee's Br. p. 5. We remind counsel that careful perusal of precedent is an integral part of superior appellate practice.