**Devlin TAYLOR, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–0402–CR–114.

Court of Appeals of Indiana.

Jan. 14, 2005.

Transfer Denied March 10, 2005.

Ann M. Sutton, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Daniel Jason Kopp, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Devlin Taylor ("Taylor") was convicted of Class D felony operating a vehicle while intoxicated [1] in Marion Superior Court. He was sentenced to serve 730 days with 120 days executed in a Community Corrections program and 610 days suspended to probation. Taylor appeals and raises two issues, which we restate as:

I. Whether the evidence was sufficient to support his Class D felony operating while intoxicated conviction; and,

II. Whether the trial court abused its discretion when it ordered Taylor to establish paternity to his child as a condition of his probation.

Concluding that the evidence was sufficient to support Taylor's conviction and the trial court acted within its discretion when it ordered Taylor to establish paternity for his child, we affirm.

### Facts and Procedural History

On October 27, 2002, at approximately 3:00 a.m., Indianapolis Police Officer Tanya Eastwood ("Officer Eastwood") was patrolling eastbound on 36th Street when she heard squealing tires and observed a vehicle make a wide turn onto 36th Street heading westbound. After Officer Eastwood saw the vehicle drive over a sidewalk and abruptly stop on the street, she stopped her patrol car in front of the vehicle. Officer Eastwood saw the driver, Taylor, extinguish the headlights and exit through the driver's side door. She also observed that there was a female passenger in the vehicle, who was later identified as Willie Calmes ("Calmes").

After exiting the vehicle, Taylor began to walk quickly down an alley. Officer Eastwood ordered him to stop and Taylor complied with that order. Taylor told Officer Eastwood that he was going to a nearby house to use the bathroom. Officer Eastwood smelled a strong odor of alcohol on Taylor and noticed that his eyes were glassy and his balance was unsteady. Officer Eastwood concluded that Taylor was intoxicated and radioed another officer for assistance.

Indianapolis Police Officer Benjamin Hunter ("Officer Hunter") arrived on the scene in response to Officer Eastwood's request for assistance shortly thereafter. Officer Hunter administered three field sobriety tests to Taylor, which he failed. Taylor was arrested and transported to the police department where Officer Hunt-

---

1. Ind.Code §§ 9–30–5–1; 9–30–5–3 (2004).

er administered a certified breath test. The test revealed that Taylor had a blood alcohol content of 0.16.

On October 28, 2002, Taylor was charged with two counts of Class D felony operating a vehicle while intoxicated [2] and Class B misdemeanor public intoxication. At the bench trial held on December 8, 2003, Taylor was found guilty as charged, and the trial court merged the two counts of Class D felony operating a vehicle while intoxicated. On January 26, 2004, the sentencing hearing was held, and the trial court merged the public intoxication conviction and the operating a vehicle while intoxicated conviction. Taylor was then sentenced to serve 730 days, with 120 days executed in a Community Corrections program and 610 days suspended to probation. As a condition of probation, Taylor was ordered to establish paternity for his four-year-old child. Taylor now appeals. Additional facts will be provided as necessary.

## I. Sufficient Evidence

■ Taylor argues that the evidence was insufficient to convict him of operating a vehicle while intoxicated because the State failed to prove that he was the driver of a vehicle beyond a reasonable doubt. Our standard of review for sufficiency claims is well settled. We neither reweigh the evidence nor judge the credibility of the witnesses. *Cox v. State*, 774 N.E.2d 1025, 1029 (Ind.Ct.App.2002). We only consider the evidence most favorable to the judgment and the reasonable inferences that can be drawn therefrom. *Id.* Where there is substantial evidence of probative value to support the judgment, it will not be disturbed. *Armour v. State*, 762 N.E.2d 208, 215 (Ind.Ct.App.2002), *trans. denied.*

Taylor admits that he was intoxicated when stopped by Officer Eastwood, but denies that he was the driver of the vehicle. In support of his argument he cites to his own testimony and that of his fiancée, Calmes, claiming that she was the driver of the vehicle. Taylor and Calmes both testified that Taylor exited the driver's side of the vehicle by climbing over Calmes because the passenger door of the vehicle was broken. Tr. pp. 30–32, 41–42. However, Officer Eastwood testified that Taylor was the driver of the vehicle and Calmes was in the passenger seat. Tr. pp. 10, 13, 57. Therefore, Taylor's argument is merely an invitation to reweigh the evidence and credibility of the witnesses, which our court will not do. *See Cox*, 774 N.E.2d at 1029. Accordingly, we conclude there was sufficient evidence to support Taylor's Class D felony operating a vehicle while intoxicated conviction.

## II. Condition of Probation

■ Taylor also argues that the trial court abused its discretion when it ordered him to establish paternity for his child as a condition of his probation. Specifically, he contends that "requiring the establishment of paternity as a term of probation, where the father of the child has always been with the child and mother, cared and paid support for the child, and [does] not require public assistance, is an unreasonable term of probation as it does not relate to the criminal allegation or safeguard the general public[.]" Br. of Appellant at 8.

■ The authority to fix a sentence within statutorily prescribed parameters is a discretionary power vested in the trial court. *Jones v. State*, 789 N.E.2d 1008, 1010 (Ind.Ct.App.2003), *trans. denied* (citing *Hurst v. State*, 717 N.E.2d 883, 886

---

2. Taylor was charged with Class D felony operating a vehicle while intoxicated because he had a prior conviction for operating a vehicle while intoxicated within five years of the instant offense. *See* Ind.Code § 9–30–5–3 (2004).

(Ind.Ct.App.1999)). This sentencing authority includes the statutory discretion to suspend a sentence and to order probation and establish its terms. *Id.* Probation is a matter of grace and a conditional liberty that is a favor, not a right. *Id.* Ultimately, the decision whether to grant probation and to determine the conditions of probation are matters within the sound discretion of the trial court. *Id.* Moreover, "the trial court has broad discretion in imposing conditions of probation in order to create law-abiding citizens and to protect the community with the only limitation being that the conditions have a reasonable relationship to the treatment of the accused and the protection of the public." *Id.*

Indiana Code section 35–38–2–2.3(a) provides a list of twenty requirements that a trial court may impose as conditions of probation. Section 35–38–2–2.3(a)(4) provides that a trial court may order a person to "support the person's dependents and meet other family responsibilities" as a condition of probation. Ind.Code § 35–38–2–2.3(a)(4) (1998 & Supp.2004).

In *Gordy v. State*, 674 N.E.2d 190 (Ind. Ct.App.1996), Gordy was convicted of conspiracy to commit forgery and theft after he attempted to cash an Aid for Families with Dependent Children ("AFDC") check issued to the mother of his children. *Id.* at 191. On appeal, our court considered whether the trial court acted within its discretion when it ordered Gordy to establish paternity to his four children as a condition of probation. *Id.* We concluded that the probation condition was reasonable given the particular offense and offender because Gordy did not contest the probation condition related to paternity during the hearing, repeatedly acknowledged that he was the children's father,

and argued probation was warranted in his case because of his children's need for support. *Id.* at 192.

We also observed that "the condition to establish paternity is not outside the authority granted a sentencing court and is reasonably related to safeguarding the general public and to creating law abiding citizens." *Id.* Accordingly, we concluded that

> requiring Gordy to initiate paternity proceedings is part of effectuating the goal of requiring Gordy to support his dependents and meet other family responsibilities. Establishing paternity would create a legal obligation to support the children. This obligation safeguards the general public and helps create a law abiding citizen by requiring Gordy to accept responsibility for his family and by structuring the support he has offered to provide for the children, thereby minimizing the amount of public assistance needed to raise them. Furthermore, this legal obligation to support the children would serve as a deterrent against stealing checks from Bullock in the future. As a result, the condition is reasonably related to the goals for probation conditions.

*Id.* at 192–93 (internal citations omitted).

Similarly, at his sentencing, Taylor did not contest the probation condition that he establish paternity to his four-year-old son. Also, Taylor acknowledged that the child was his and in requesting probation, he asked the court to consider the fact that he has dependents who rely on him for support.[3] Tr. p. 75. However, Taylor notes that unlike the circumstances in *Gordy*, where Gordy attempted to cash an AFDC check he stole from the mother of his

---

3. Taylor also testified that he provides support for two of his fiancé's children from a

previous relationship. Tr. p. 73.

children, Taylor was convicted of operating a vehicle while intoxicated. Therefore, he argues that the probation condition of establishment of paternity "has no relationship to the treatment of Mr. Taylor, nor does it make him any more or less of a law abiding citizen. Requiring the paternity testing does not protect the public against criminal or anti-social behavior, as Mr. Taylor takes care of his family, which is not a burden on the public." Br. of Appellant at 11.

Initially, we observe that public policy favors establishing paternity of a child born out of wedlock. *See* Ind.Code § 31–14–1–1 (1998). Beyond good public policy, it is simple, common sense. While we can only assume from the record before us that Taylor has consistently provided support for his child in the past, without establishing paternity to his child there is nothing to prevent Taylor from ignoring his obligation in the future. Therefore, at worst, requiring a convicted felon like Taylor to establish paternity to his child at least prospectively safeguards the general public and helps to formally establish the familial relationships that create a law-abiding citizen. Moreover, ordering Taylor to initiate paternity proceedings will create a legal obligation that is more insistent than the all-to-easily ignored moral obligation Taylor touts. Accordingly, we conclude that trial court acted within its discretion when it ordered Taylor to establish paternity to his child as that condition is reasonably related to the goals for probation conditions. *See Gordy,* 674 N.E.2d at 193.

 Finally, Taylor argues that the probation condition violates his constitutional right to privacy under the Fourth Amendment of the United States Constitution and Article One, Section Eleven of the Indiana Constitution. While Taylor concedes that as a probationer he has a re-

duced expectation of privacy, he asserts that "requiring submission to paternity testing when it is not relevant to the crime nor a means towards the creation of a law abiding citizen does not seem to be a privacy interest Mr. Taylor could have anticipated relinquishing when he was given probation." Br. of Appellant at 12.

 "Convicted individuals do not enjoy the same constitutional protections as law-abiding citizens. In the context of these constitutional freedoms, a state action is valid if reasonably related to legitimate penological interests." *Johnson v. State,* 659 N.E.2d 194, 200 (Ind.Ct.App. 1995) (citation omitted). Furthermore, probation conditions that intrude upon constitutionally protected rights are not necessarily invalid. *Id.* at 199. Where a defendant contends that a probation condition is unduly intrusive upon a constitutional right, the following three factors must be balanced: (1) the purpose sought to be served by probation; (2) the extent to which constitutional rights enjoyed by law abiding citizens should be afforded to probationers; and (3) the legitimate needs of law enforcement. *Bonner v. State,* 776 N.E.2d 1244, 1247 (Ind.Ct.App.2002), *trans. denied.*

Taylor's argument with regard to the alleged violation of his right to privacy centers around his assertion that he, his fiancé, and son will have to submit to a blood test for paternity testing. However, as Taylor acknowledges in his reply brief, a blood test is not the sole means of establishing paternity and "a blood test may be waived upon admission of paternity in a court of law." Reply Br. of Appellant at 2; *see also* Ind.Code § 31–14–8–1 (1998). Under the circumstances of this case, it is unlikely that Taylor would have to submit to a blood test to establish paternity as both Taylor and his fiancé testified under

oath that Taylor is the father of the child. *See* Tr. pp. 41, 73, 77.

Even if Taylor must ultimately submit to a blood test to establish paternity, his expectation of privacy was reduced when, at his request, he received probation instead of an executed sentence in prison. Additionally, the intrusion on Taylor's privacy interests when balanced against society's interest of establishing paternity to his child is relatively minor. As we stated above, we believe that requiring a person to establish paternity to his child safeguards the general public and helps to formally establish the familial relationships that create a law-abiding citizen. We therefore conclude that ordering Taylor to establish paternity as a condition of his probation is not unduly intrusive on his constitutional right to privacy.

### Conclusion

The evidence was sufficient to support Taylor's operating a vehicle while intoxicated conviction and the trial court acted within its discretion when it ordered Taylor to establish paternity to his child as a condition of probation.

Affirmed.

DARDEN, J., and FRIEDLANDER, J., concur.