7. In *State v. Mercer,* 500 N.E.2d 1278, 1282–83 (Ind.Ct.App.1986), this court reached a conclusion opposite that in *Davenport* and *Klinger* and held that where the defendant

**S.S., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0410–JV–817.**

Court of Appeals of Indiana.

May 24, 2005.

Steven J. Halbert, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

S.S. entered a plea admitting to Carrying a Handgun Without a License, a Class A misdemeanor [1] if committed by an adult, in exchange for receiving a suspended commitment to the Department of Correction. The juvenile court accepted the plea and ordered S.S. to be placed on informal home detention until the first review hearing, which was scheduled approximately three months following the dispositional hearing. The juvenile court also entered a parental participation order. We reverse.[2]

### Issues

S.S. raises two issues, which we restate:

(1) Whether the juvenile court violated the terms of the plea agreement by adding informal home detention as a condition of probation; and

(2) Whether the juvenile court erred in ordering parental participation where it failed to inform mother of her right to controvert an allegation concerning her participation or financial responsibility.

---

**1.** Ind.Code § 35–47–2–1.

**2.** On April 29, 2005, we heard oral argument in this case at the Harrison County courthouse in Corydon, Indiana. We thank coun-

### Facts and Procedural History

On August 3, 2004, S.S., by counsel, agreed to admit to carrying a handgun without a license in exchange for a suspended commitment. S.S. and S.S.'s mother ("Mother") had previously signed an advisement of rights, which states, in pertinent part, "The child and/or parent(s) could be ordered to participate in a plan of care, treatment, rehabilitation or treatment which could include financial responsibility for any such services or programs as well as being made parties to the action to require such participation." Appellant's App. at 18. The juvenile court accepted the plea agreement, and over objection by S.S's counsel, imposed informal home detention as a condition of probation until the first review hearing, scheduled for December 9, 2004. The juvenile court also asked Mother if she was willing to participate in S.S.'s probation programs, and Mother agreed. This appeal ensued.

### Discussion and Decision

#### I. Violation of Plea Agreement

■ S.S. argues that the trial court violated the terms of the plea agreement by placing S.S. on informal home detention until the first review hearing.

■ Generally, trial courts possess discretionary power to determine a sentence "within statutorily prescribed parameters." *Gordy v. State*, 674 N.E.2d 190, 191 (Ind.Ct.App.1996). The trial court's sentencing power includes the statutory discretion to order probation and set out its terms, and trial courts have broad discretion in establishing conditions of probation. *Id.*

---

sel for their advocacy and extend our appreciation to Judge H. Lloyd Whitis and the Harrison–Crawford County Bar Association for hosting the event.

■ However, when the trial court establishes terms of probation following the acceptance of a plea agreement, a trial court's discretion is limited. *Freije v. State*, 709 N.E.2d 323, 325 (Ind.1999); *see also* Ind.Code § 35–35–3–3(e) ("If the court accepts a plea agreement, it shall be bound by its terms."). Trial courts are free to impose administrative or ministerial conditions as terms of probation, even if such terms are not included in the plea agreement. *Freije*, 709 N.E.2d at 325. However, a " 'condition of probation which imposes a substantial obligation of a punitive nature is indeed part of the sentence and penalty and must be specified in the plea agreement.'" *Id.* at 324 (quoting *Disney v. State*, 441 N.E.2d 489, 494 (Ind. Ct.App.1982)).

■ In *Freije*, our supreme court determined that the trial court erred by accepting the parties' plea agreement that only called for probation and then imposing home detention and 650 hours of community service as terms of probation. The Court noted that some terms of probation, i.e., the "standard" terms of probation, which are mainly ministerial or administrative in nature, may be included by the trial court even if a plea agreement makes no mention of such terms, because a probationer "should reasonably expect that the county's standard conditions may apply." *Freije*, 709 N.E.2d at 325. However other "special" terms of probation that are punitive in nature, such as home detention, may not be imposed as a term of probation where the plea agreement is silent to such punitive conditions.[3] *Id.*

The State cites to *L.W. v. State*, 798 N.E.2d 904 (Ind.Ct.App.2003) to support its argument that the juvenile court had discretion to impose informal home detention as a term of probation. In *L.W.*, a different panel of this court found no error where the juvenile court ordered informal home detention after accepting a plea agreement calling for suspended commitment. The court determined that informal home detention in that case was not punitive and assisted the juvenile in meeting his probation obligations similar to other conditions of probation approved in *Freije*. *L.W.*, 798 N.E.2d at 908.

We find the facts of *L.W.* readily distinguishable. In *L.W.*, the juvenile's father was available to accompany L.W. and acknowledged that informal home detention would assist L.W. in meeting the terms of his probation. *L.W.*, 798 N.E.2d at 906. Here, Mother was responsible for three other adopted sons, an adopted daughter, and two biological children. Appellant's App. at 32. Further, Mother's husband is disabled and resides in a nursing home. *Id.* Given these constraints, the juvenile court's imposition of informal home detention constituted an impermissible punitive condition outside of the plea agreement and was akin to formal home detention. Accordingly, the juvenile court abused its discretion by imposing informal home detention as a term of S.S.'s probation.[4]

---

3. The supreme court noted that some "special" terms of probation, such as requirements to attend a victim impact panel or to complete counseling or educational programs, are rehabilitative in nature and do not materially add to the punitive obligation of a probationer. *Freije*, 709 N.E.2d at 325. The trial court may impose such terms in the absence of a provision in the plea agreement giving the trial court discretion to impose conditions of probation. *Id.* at 325–26.

4. Because S.S.'s home detention ended in December of 2004, our reversal of the juvenile court's imposition of home detention provides no practical relief to S.S., and S.S. does not seek any particular relief in his appellate brief. However, we address this issue as it appears likely to recur. *A.D. v. State*, 736 N.E.2d 1274, 1276 (Ind.Ct.App.2000).

## II. Parental Participation Order

S.S. also argues that the juvenile court erred in ordering Mother's participation without informing her that she has a right to contest an allegation concerning her participation and financial responsibility.

Indiana Code Section 31–37–12–6 provides:

The juvenile court shall inform the parent or guardian of the estate of the following if a child is adjudicated a delinquent child:

(1) The parent, guardian, or custodian of the child may be required to participate in a program of care, treatment, or rehabilitation for the child.

(2) The parent or guardian may be held financially responsible for services provided for the child or the parent or guardian.

(3) The parent, guardian, or custodian of the child may controvert:

(A) an allegation made at the dispositional or other hearing concerning the participation of the parent, guardian, or custodian; or

(B) an allegation concerning the financial responsibility of the parent, guardian, or custodian for services that would be provided.

 S.S. argues that *M.T. v. State*, 787 N.E.2d 509 (Ind.Ct.App.2003) requires reversal of the parental participation order. In *M.T.*, the State failed to file a proper petition for parental participation, and failed to inform the parents of their right to contest allegations concerning their participation and financial responsibility. *Id.* at 515–16. Because a proper petition was not filed, we found that the juvenile court was without jurisdiction to order parental participation. *Id.* at 515.

Here, the State concedes that the juvenile court did not advise Mother of her right to contest an allegation concerning her participation and financial responsibility. However, the State argues that the juvenile court had proper jurisdiction over Mother because a proper petition for parental participation had been filed, unlike the situation in *M.T.* Further, the State asserts that because Mother ultimately agreed to participate in S.S.'s probation, the juvenile court's failure to properly advise Mother is harmless. *See* Ind.App. R. 66(A) (error is harmless if it is so minor as not to affect a party's substantial rights). We disagree.

In *M.T.*, we specifically held that it was error for the juvenile court to not advise M.T.'s mother of her rights regarding the effect of his adjudication. *M.T.*, 787 N.E.2d at 516. We have previously held that "[f]ailure to comply with the statutory scheme is fatal." *Carnahan v. State*, 558 N.E.2d 845, 847 (Ind.Ct.App.1990) (analyzing predecessor statute, Indiana Code § 31–6–4–13). Accordingly, the juvenile court's error in failing to advise Mother of her rights was not harmless.

 Finally, with respect to Mother's financial responsibility, we note that the juvenile court did not advise Mother of her right to contest this aspect of the juvenile court's disposition. This was error, as the juvenile court did not comply with the clear mandate of Indiana Code Section 31–37–12–6. *See M.T.*, 787 N.E.2d at 516. Nevertheless, although the probation department, through its petition for parental participation, requested that Mother be financially responsible for S.S.'s probation expenses, the juvenile court did not include this term in its parental participation order. Accordingly, the juvenile court's error in failing to advise Mother of her right to contest an allegation concerning her financial responsibility was harmless.

## Conclusion

Based upon the foregoing, the juvenile court erred by imposing home detention as

a term of probation where the plea agreement did not provide the juvenile court with discretion to impose punitive conditions. Moreover, to the extent that the juvenile court erred in failing to inform Mother of her right to contest the parental participation order, such error was harmless. Finally, although the juvenile court erred by failing to inform Mother of her right to contest financial responsibility, the juvenile court's participation order did not require Mother to be financially responsible for S.S.'s probation expenses, and thus, the error was harmless.

Reversed.

BAKER, J., and MAY, J., concur.