## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Derick W. Steele
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Norris,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 15, 2015

Court of Appeals Case No.
34A05-1507-CR-797

Appeal from the Howard Superior Court

The Honorable William C. Menges, Jr., Judge

Trial Court Cause No.
34D01-1404-FB-218

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, John Norris (Norris), appeals a condition of his probation.

We affirm.

## ISSUE

Norris raises one issue on appeal, which we restate as: Whether the trial court abused its discretion by imposing a sex offender probation condition that restricts Norris from having contact with children under sixteen years of age.

## FACTS AND PROCEDURAL HISTORY

In the summer of 2012, sixteen-year-old S.M. was visiting with Norris at his house, located at 1323 East Murden Street, Kokomo, Indiana. While S.M. was asleep, Norris used his cell phone to record himself unzipping S.M.'s top, revealing her nipple, and using his finger to rub her exposed nipple. In that same video, Norris fondled S.M.'s buttocks and back.

In December 2012, fifteen-year-old A.H. was babysitting Norris' minor children. On December 3, 2012, Norris set up a hidden camera and recorded A.H. taking a shower. Later that day, Norris set up a camera and recorded A.H. sitting on a chair only wearing a top with her legs spread open. Norris also video-recorded as he inserted two vibrators in A.H.'s vagina. Again on December 16, 2012, Norris recorded A.H. sitting on a chair with her legs spread open toward the camera. Also, Norris recorded himself inserting a vibrator

inside A.H.'s vagina, and he made a close-up video of her genitals. In addition, Norris recorded himself having sexual intercourse with A.H. On February 22, 2014, S.M.'s mother found a micro SD card in her apartment. S.M.'s mother put the card into her cell phone to view the contents, and she saw videos of her daughter being molested by Norris. S.M.'s mother later turned the micro SD card over to the police. The micro SD card also contained the video recordings of Norris molesting A.H.

[6] On April 14, 2014, the State charged Norris with Count I, sexual misconduct with a minor, a Class C felony; Count II, child exploitation, a Class C felony; Counts III-IV, sexual misconduct with a minor, Class B felonies; and Count V, child exploitation, a Class C felony. On January 20, 2015, the State added Count VI, child exploitation, a Class C felony. On May 8, 2015, Norris agreed to plead guilty to Counts I, II, III, and VI, in exchange for the State dismissing the other charges. On June 3, 2015, pursuant to the plea agreement, the trial court sentenced Norris to eight years in the Department of Correction (DOC) with two years suspended to probation on Counts I and II. On Count III, Norris was ordered to serve an executed consecutive sentence of fourteen years in the DOC. Lastly, on Count VI, Norris was ordered to serve a six-year sentence concurrent with Count III. Norris' aggregate sentence is twenty years. Additionally, Norris agreed to be subjected to the "special rules of probation for sex offenders." (Appellant's App. p. 53). As one of his conditions for probation, Norris was ordered to have no contact with any person under the

age of sixteen unless he received court approval or successfully completed a court-approved sex offender treatment program.

[7] Norris now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] Norris contends that Condition 20 of his sex offender probation conditions is unconstitutional as applied to him. Specifically, Norris argues that one of his daughters was nine months old at the time of the sentencing, and Condition 20 prohibits him from having contact with his child. He further argues that he "cannot even ask a relative to wish his children a Merry Christmas . . . or even Happy Birthday." (Appellant's Br. p. 4).

[9] "Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment." *Carswell v. State*, 721 N.E.2d 1255, 1258 (Ind. Ct. App. 1999). Trial courts have broad discretion in determining the appropriate conditions of a defendant's probation. *Hevner v. State*, 919 N.E.2d 109, 113 (Ind. 2010). "This discretion is limited only by the principle that the conditions imposed must be reasonably related to the treatment of the defendant and the protection of public safety." *Stott v. State*, 822 N.E.2d 176, 179-80 (Ind. Ct. App. 2005), *trans. denied*. Thus, "our review is essentially limited to determine whether the conditions placed on the defendant are reasonably related to attaining these goals." *Carswell*, 721 N.E.2d at 1258. We will not set aside a trial court's probation terms unless it has

abused its discretion.  *Collins v. State*, 911 N.E.2d 700, 707 (Ind. Ct. App. 2009), *trans. denied*.

[10] "'Convicted individuals do not enjoy the same constitutional protections as law-abiding citizens[,]'" and "probation conditions that intrude upon constitutionally protected rights are not necessarily invalid."  *Taylor v. State*, 820 N.E.2d 756, 761 (Ind. Ct. App. 2005) (quoting *Johnson v. State*, 659 N.E.2d 194, 200 (Ind. Ct. App. 1995), *reh'g denied*), *trans. denied*.  *See also Gaither v. Ind. Dep't of Correction*, 971 N.E.2d 690, 695 (Ind. Ct. App. 2012) (explaining that "probation conditions may impinge upon a probationer's right to exercise an otherwise constitutionally protected right").  Where, as here, a defendant contends that a probation condition is unduly intrusive upon a constitutional right, the following three factors must be balanced: (1) the purpose sought to be served by probation; (2) the extent to which constitutional rights enjoyed by law-abiding citizens should be afforded to probationers; and (3) the legitimate needs of law enforcement.  *Smith v. State*, 779 N.E.2d 111, 117 (Ind. Ct. App. 2002), *trans. denied*.

[11] Special Condition 20 reads:

> You shall have no contact with any person under the age of 16 unless you receive court approval or successfully complete a court-approved sex offender treatment program, pursuant to [Indiana Code section] 35-38-2-2.4.  Contact includes face-to-face, telephonic, written, electronic, or any indirect contact via third parties.

(Appellant's App. p. 87).

[12] Norris posits that the imposition of Condition 20 improperly infringes upon his fundamental right to family integrity because he has a child under the age of sixteen. As noted above, convicted individuals do not enjoy the same constitutional protections as law-abiding citizens. *See Taylor*, 820 N.E.2d at 761. Moreover, this court has previously observed that "child molesters molest children to whom they have access." *Smith*, 779 N.E.2d at 117 (citing *Carswell*, 721 N.E.2d at 1259). As a result, "probation conditions that reduce the potential for access to children are reasonable." *Id.*

[13] Norris molested both S.M. and A.H. in his home where he lived with his minor children. Having no contact with minors helps prevent further children from the harm that Norris perpetrated against S.M. and A.H. Moreover, we note that Norris is not entirely prohibited from establishing and maintaining a relationship with his daughter. Rather, he is required to receive court approval or successfully complete a court-approved sex offender treatment program pursuant to Indiana Code section 35-38-2-2.4 before having any contact. In light of the foregoing, we agree with the trial court and conclude that no contact with anyone under sixteen is a reasonable probation condition related to the goal of protecting the community while rehabilitating Norris.

## CONCLUSION

[14] Based on the foregoing, we conclude that the challenged probation condition is reasonably related to the goals of rehabilitation and public safety and accordingly, the trial court did not abuse its discretion.

Affirmed.

Brown, J. and Altice, J. concur