Thomas J. FREIJE, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 32S05–9811–CR–746.

Supreme Court of Indiana.

March 11, 1999.

Robert E. Saint, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary L. Borek, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**324**

## ON PETITION TO TRANSFER

BOEHM, Justice.

This case involves a plea agreement that called for a suspended sentence to be served on probation. The agreement made no mention of any conditions of probation and did not grant the trial court discretion to impose conditions. The trial court accepted the plea and imposed home detention and community service work as conditions of probation. We granted transfer and conclude that the imposition of these additional conditions in these circumstances constitutes a material and impermissible change to the plea agreement.

### Factual and Procedural Background

Thomas J. Freije was charged with four Class B felony and one Class C felony counts of arson and entered into a plea agreement that provided for a plea of guilty to the Class C charge and dismissal of the other counts. The provisions dealing with sentencing were, in their entirety:

3. The Defendant shall receive sentence of 2190 days at the Indiana Department of Correction with 2188 days suspended and credit for 1 day actually served and the balance of the time to be suspended.

4. The Defendant shall be placed on probation for a period of 2188 days of which the first 365 days must be monitored by the Hendricks County Superior Courts Probation department. Thereafter, the Defendant may petition the Court to request a transfer of the probation to another county.

The trial court accepted the plea agreement and imposed a suspended sentence and 2188 days of probation, but also included home detention for two years and 650 hours of community service work as conditions of that probation. Freije objected to these additional conditions as material variances from the plea agreement. The trial court overruled the objection, and the Court of Appeals affirmed the trial court. *See Freije v. State,* 699 N.E.2d 720 (Ind.Ct.App.1998). We granted transfer.

### Additional Conditions of Probation were Precluded by the Plea Agreement

Indiana Code § 35–38–2–2.3(a) lists twenty obligations that a trial court may impose on a defendant as conditions of probation. Among these are placement on home detention and performing community service work. *Id.* § 35–38–2–2.3(a)(15) & (13). As a general proposition trial courts have broad discretion in setting conditions of probation, subject to appellate review only for an abuse of discretion. *See Reinbold v. State,* 555 N.E.2d 463, 471 (Ind.1990), *overruled on other grounds by Wright v. State,* 658 N.E.2d 563, 570 (Ind.1995); *Gordy v. State,* 674 N.E.2d 190, 191 (Ind.Ct.App.1996). Citing these cases that established this general rule in the context of a sentencing following conviction after trial, the Court of Appeals held that the trial court did not "abuse its discretion" or "exceed its statutory authority" by imposing these conditions. *Freije,* 699 N.E.2d at 722.

These cases, however, did not deal with sentencing pursuant to a plea agreement. The statute governing plea agreements provides that "[i]f the court accepts a plea agreement, it shall be bound by its terms." IND.CODE § 35–35–3–3(e) (1998). A number of decisions have recognized that this statute imposes limits on the discretion to impose conditions of probation under Indiana Code § 35–38–2–2.3(a). For example, in *Disney v. State,* 441 N.E.2d 489, 493–94 (Ind.Ct.App.1982), the Court of Appeals held that a trial court erred by ordering the defendant to pay restitution as a condition of probation when the plea agreement did not impose this requirement. *Accord Sinn v. State,* 693 N.E.2d 78, 80 (Ind.Ct.App.1998). "[A] condition of probation which imposes a substantial obligation of a punitive nature is indeed part of the sentence and penalty and must be specified in the plea agreement." *Disney,* 441 N.E.2d at 494. As this Court noted in *State ex rel. Goldsmith v. Marion County Superior Court,* 275 Ind. 545, 552, 419 N.E.2d 109, 114 (1981),

[t]he concept of plea bargaining contemplates an explicit agreement between the State and defendant which is binding upon

both parties when accepted by the trial court. To allow the trial court to either increase or suspend the executed sentence, would deny the parties the essential purpose of their agreement. It is to the interest of both the defendant and the public to facilitate expeditious disposition of criminal cases. Strict adherence to the agreement is essential to this purpose.

Although the trial judge in this case did not change the length of Freije's sentence, the principle established in *Goldsmith* is nonetheless applicable. Allowing the trial court to impose a variety of conditions not negotiated by the parties or reserved to the trial court's discretion will ultimately reduce some defendants' willingness to enter into plea agreements.

██ Both parties point to *Antcliff v. State*, 688 N.E.2d 166 (Ind.Ct.App.1997), which sustained home detention as a condition of probation even though not mentioned in the plea agreement. Unlike Freije's agreement, however, the plea agreement in *Antcliff* specifically provided that the trial court had discretion to establish the conditions of probation. *Id.* at 169.[1] If the State and a defendant include such a term in their plea agreement, both parties take their chances and the court is within the express terms of the plea agreement in imposing some, all, or none of the lawful conditions. Under such an agreement, the trial court is permitted to place a defendant on home detention, *see id.* at 169–70, require community service work, or impose any other lawful condition. However, in the absence of this plea term the trial court's discretion is limited.

██ Regardless of the language of a plea agreement, trial courts are free to impose administrative or ministerial conditions "such as reporting to the probation department, notifying the probation officer concerning changes in address or place of employment, supporting dependents, remaining within the jurisdiction of the court, [and] pursing a course of vocational training[.]" *Disney*, 441 N.E.2d at 494.[2] Many of these are listed as "standard conditions" of probation in the standard Marion County order of probation and as "conditions of probation" in the standard probation order in Hendricks County, where this case arose. These standard conditions are customarily imposed on probationers, and a defendant who enters into a plea agreement that calls for a probationary sentence should reasonably expect that the county's standard conditions may apply. Both counties' orders also contain a separate section described as "special conditions" in Marion County and "additional conditions" in Hendricks County. Unlike the standard conditions that are merely numbered, the "special" or "additional" conditions must be checked off by the judge. Some of these conditions (such as home detention and license suspension) impose substantial obligations of a punitive nature and others (such as attending a victim impact panel and completing a counseling or educational program) impose less substantial obligations that are rehabilitative in nature. Even if not recited in the plea agreement, some "special" or "additional" conditions that do not materially add to the punitive obligation may be imposed consistent with the court's obligation to be "bound by its terms." However, those conditions that do materially add to the punitive obligation, such as the home detention and 650 hours of community service in this case, may not be imposed in the absence of a plea agreement provision giving the trial

---

1. The Court of Appeals' opinion in *Antcliff* emphasized the importance of this provision in the plea agreement to its decision:

   Unlike the plea agreement in *Disney*, the plea agreement in the present case specifically provides that the trial court shall have the authority and discretion to establish the terms of probation.... Considering that Antcliff expressly agreed to allow the trial court to establish the terms of his probation, we cannot conclude that the trial court erred in ordering home detention even though it was not specifically listed in the plea agreement.

*Id.* at 169–70.

2. Regardless of the language of a plea agreement, certain conditions must also be imposed according to statute. All probationers must pay a probation user fee. *See* IND.CODE § 35-38-2-1(b)-(d) (1998). Those convicted of operating a vehicle while intoxicated must pay an alcohol and drug countermeasures fee, *see id.* § 35-38-2-2.1, and those convicted of sex offenses must register with local law enforcement. *See id.* § 35-38-2-2.2.

court discretion to impose conditions of probation.

■ As a final point, the State asserts that the "[d]efendant knew the trial court planned to set the terms of his probation." Prior to accepting the plea agreement, the trial court required Freije to undergo a psychiatric evaluation, which would "basically recommend[ ] to the Court what type of probation terms would be appropriate[.]" The trial court also discussed with the fire marshal, in open court with the defendant and his counsel present, "whether or not the Fire Department would be willing to have Mr. Freije perform some community service for the Fire Department[.]" The State concludes that Freije "did not object to the trial court's proclamation that it was going to set the terms ... of his probation." At most, these statements indicate the trial court's belief that it had discretion to impose some additional conditions of probation under the plea agreement. As explained above, some additional conditions may be imposed regardless of their inclusion in a plea agreement. These statements do not justify the imposition of any and all conditions, however. They did not fairly advise Freije that home detention and 650 hours of community service were in the offing such that Freije can be said to have accepted these terms.

### Conclusion

The trial court erred by including home detention and 650 hours of community service work as conditions of Freije's probation. This case is remanded to the trial court with instructions to accept or reject the plea agreement as written.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.