**Dennis R. JOHNSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 79A02–9903–CR–194.**

Court of Appeals of Indiana.

Sept. 29, 1999.

---

Steven P. Meyer, Public Defender, Lafayette, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Following his plea of guilty, Dennis Johnson appeals his sentence for child molesting as a Class B felony. Johnson raises one issue on appeal, which we restate as: whether the trial court abused its discretion by ordering as a term of Johnson's probation that he submit to polygraph examinations when requested by the probation department.

We affirm.

First, Johnson argues that a trial court may not require as a condition of probation that a probationer submit to a polygraph examination. "A trial court has broad discretion to impose conditions of probation which will produce a law abiding citizen and protect the public." *Patton v. State*, 580 N.E.2d 693, 698 (Ind.Ct.App. 1991), *trans. denied.* In *Patton*, this court considered whether it was appropriate for a trial court to impose a condition of probation that required the probationer to submit to polygraph examinations and to stipulate to the admissibility of the results. We held that a probationer could not be forced to stipulate to the admissibility of such evidence, but that it was not improper to require the probationer to submit to polygraph examinations upon request "when the condition bears a reasonable

relationship to the rehabilitative aspects of probation." *Id.* at 698–99; *See also* IND. CODE § 35–38–2–2.3(a)(14) (1998) ("As a condition of probation, the court may require a person to . . . [s]atisfy other conditions reasonably related to the person's rehabilitation."). Such a condition is appropriate when imposed "as a deterrence from violating other terms of probation by instilling the fear of detection or where the examination provides probation officials with an indication of the probationer's progress in rehabilitation." *Patton,* 580 N.E.2d at 698.

Here, the trial court required as a condition of probation that Johnson submit to a polygraph exam as requested by the probation department. The court imposed the condition "to ensure [Johnson] stays away from children under age 16." Record at 13. Another term of Johnson's probation required that he have no contact with any person under the age of sixteen without court approval. Therefore, it is clear that the court imposed the polygraph condition to deter Johnson from violating other terms of probation, and as such, the condition bears a reasonable relationship to the rehabilitative aspects of probation. The probation condition was not improper.

Second, Johnson contends that imposition of the polygraph condition contravenes the plea agreement he entered into with the State. The plea agreement states, in pertinent part: "The Court may impose any sentence it deems appropriate after hearing evidence and argument of counsel, except that any executed portion of the sentence shall be capped at ten (10) years." Record at 3. The plea agreement says nothing about probation or the terms that may be imposed.

IND.CODE § 35–35–3–3(e) (1998) provides that "[i]f the court accepts a plea agreement, it shall be bound by its terms." *See Freije v. State,* 709 N.E.2d 323, 324 (Ind.1999). " '[A] condition of probation which imposes a substantial obligation of a punitive nature is indeed part of the sentence and penalty and must be specified in the plea agreement.' " *Id.* (quoting *Disney v. State,* 441 N.E.2d 489, 494 (Ind.Ct. App.1982)). "Even if not recited in the plea agreement, some 'special' or 'additional' conditions that do not materially add to the punitive obligation may be imposed consistent with the court's obligation to be 'bound by its terms.' " *Id.* at 325.

Johnson contends that the requirement that he submit to polygraph examinations when requested by the probation department is punitive in nature. We cannot agree. In *Freije,* the probationer was ordered on home detention for two years and to perform 650 hours of community service as conditions of probation. Our supreme court held that these conditions were punitive. *Id.* In *Disney,* this court held that a term requiring the probationer to pay restitution was punitive. 441 N.E.2d at 494. We conclude that requiring the probationer to submit to a polygraph examination when requested is less burdensome than home detention, community service, or restitution. As indicated above, requiring Johnson to submit to a polygraph is intended to serve a rehabilitative, not a punitive function. Moreover, we think the requirement that Johnson submit to polygraph examinations is no more burdensome than requiring him to report periodically to his probation officer, a condition that undoubtedly could be imposed regardless of the language of the plea agreement, *see Freije,* 709 N.E.2d at 325, given that the results of the polygraph examination are inadmissible and cannot be used against Johnson in court without his explicit agreement. *See Patton,* 580 N.E.2d at 698. The trial court did not abuse its discretion.

Affirmed.

NAJAM, J., and RUCKER, J., concur.