# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana



FILED

Feb 15 2013, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AMANDA VAUGHN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1207-CR-544 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kimberly Brown, Judge
Cause No. 49G16-1202-FD-9126

**February 15, 2013**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Amanda Vaughn appeals the trial court's sentence for her conviction of Class A misdemeanor criminal trespass. We reverse and remand.

**Issue**

Vaughn raises one issue, which we restate as whether the trial court abused its discretion when it ordered her to serve forty hours of community service in lieu of fines and costs.

**Facts**

The State charged Vaughn with Class D felony residential entry and Class B misdemeanor criminal mischief. Vaughn ultimately pled guilty to Class A misdemeanor criminal trespass, and the State dismissed the other charges. The plea agreement gave the trial court discretion as to fines and costs. The trial court sentenced Vaughn to 165 days with 151 days suspended. The trial court then found Vaughn indigent and assessed forty hours of community service in lieu of fines and costs. The trial court also ordered that Vaughn serve "an actual day in jail" for every eight hours of community service that she did not complete. Tr. p. 10. Vaughn's counsel then said that Vaughn would "take the fine" instead, and the trial court ordered Vaughn to pay $165 in court costs and $10 in fines within two months. Id.

Vaughn filed a motion to reconsider the fines and court costs. Vaughn argued that the trial court did not have the authority under the plea agreement to impose community service and that the trial court's order subjected her to possible incarceration due to her indigency. At a hearing on the motion to reconsider, Vaughn argued that the trial court

2

should find her indigent regarding court costs and fines and impose no further obligation. Vaughn argued that the order violated her equal protection rights, that the order was not authorized under the plea agreement, and that the order amounted to a conditional plea.

The trial court vacated the order that Vaughn pay costs and fines and again ordered that Vaughn complete forty hours of community service in lieu of costs and fines. The trial court did not order that Vaughn would be sentenced to jail if she failed to complete community service. However, the trial court expressly refused to eliminate the possibility of a sanction of some kind for failing to complete the community service. Vaughn now appeals.

**Analysis**

Vaughn argues that the trial court abused its discretion when it ordered her to serve forty hours of community service in lieu of fines and costs. "[S]entencing decisions, including decisions to impose restitution, fines, costs, or fees, are generally left to the trial court's discretion." Berry v. State, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011). If the fees imposed by the trial court fall within the parameters provided by statute, we will not find an abuse of discretion. Id.

Vaughn argues that the trial court's imposition of community service in lieu of fines and costs violated Vaughn's plea agreement. "A plea agreement is contractual in nature, binding the defendant, the State, and the trial court." Bennett v. State, 802 N.E.2d 919, 921 (Ind. 2004). Once the trial court accepts the plea agreement, it "is strictly bound by its sentencing provision and is precluded from imposing any sentence other than required by the plea agreement." Id.

3

In support of her argument, Vaughn relies on Jackson v. State, 968 N.E.2d 328 (Ind. Ct. App. 2012), for the proposition that a trial court cannot impose community service without express agreement in the plea agreement. However, in Jackson, the trial court ordered the defendant to perform fifty hours of community service as a condition of probation. Jackson relied upon our supreme court's opinion in Freije v. State, 709 N.E.2d 323, 325 (Ind. 1999). Freije held that, if a plea agreement gives the trial court discretion to establish the conditions of probation, the trial court may "place a defendant on home detention, . . . require community service work, or impose any other lawful condition." Freije, 709 N.E.2d at 325. In the absence of a plea term giving the trial court such discretion, the trial court's discretion is limited, but it may impose administrative, ministerial, and standard conditions of probation that do not "materially add to the punitive obligation." Freije, 709 N.E.2d at 325. The plea agreement in Freije did not give the trial court discretion regarding the probation conditions, and our supreme court concluded that home detention and 650 hours of community service materially added to the punitive obligation and exceeded the sentence allowed by the plea agreement.

The community service here was imposed in lieu of costs and fines, not as a condition of probation, and the plea agreement gave the trial court discretion regarding those costs and fines. Because the trial court's discretion in imposing costs and fines was not limited here by the plea agreement, we conclude that, if ordering community service in lieu of costs and fines was statutorily authorized, the imposition of community service did not violate the plea agreement. Consequently, we must determine whether community service in lieu of costs and fines is statutorily authorized.

4

The trial court ordered Vaughn to pay $165 in court costs and $10 in fines.[1] Although the statutes regarding the imposition of costs and fines address how a trial court may enforce payment of the fines or costs by a non-indigent convicted person, the statutes do not address the procedure a trial court should follow if the convicted person is indigent.[2] See Ind. Code § 33-37-4-1 (governing the amount of court costs); I.C. § 33-37-2-3 (governing the imposition of court costs);[3] I.C. § 35-50-3-2 (governing the amount

[1] The trial court did not specify the statutes authorizing the costs and fines.

[2] We acknowledge that differing results have been reached as to whether costs and fines are permissible where the defendant is indigent. In Whedon v. State, 765 N.E.2d 1276, 1279 (Ind. 2002), our supreme court noted that fines or costs could be imposed upon an indigent defendant. Whedon, 765 N.E.2d at 1279 (noting that the legislature requires indigency hearing both as to the imposition of fines, Indiana Code Section 35-38-1-18, and costs, Indiana Code Section 33-19-2-3 (the predecessor to Indiana Code Section 33-37-2-3)). However, in Banks v. State, 847 N.E.2d 1050, 1052 (Ind. Ct. App. 2006), trans. denied, we held that Indiana Code Section 33-37-2-3 does not permit the imposition of costs when a convicted person is indigent. However, Vaughn makes no argument regarding this issue, and we do not address it here.

[3] Indiana Code Section 33-37-2-3 provides:

> (a) Except as provided in subsection (b), when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent. If the person is not indigent, the court shall order the person to pay:
>
> (1) the entire amount of the costs at the time sentence is pronounced;
> (2) the entire amount of the costs at some later date; or
> (3) specified parts of the costs at designated intervals.
>
> (b) A court may impose costs and suspend payment of all or part of the costs until the convicted person has completed all or part of the sentence. If the court suspends payment of the costs, the court shall conduct a hearing at the time the costs are due to determine whether the convicted person is indigent. If the convicted person is not indigent, the court shall order the convicted person to pay the costs:
>
> (1) at the time the costs are due; or
> (2) in a manner set forth in subsection (a)(2) through (a)(3).

of fines associated with the conviction for a Class A misdemeanor); and I.C. § 35-38-1-18 (governing the imposition of fines).[4] Further, none of the statutes governing costs and fines mention or permit a trial court to impose community service in lieu of costs or fines.

---

    (c)       If a court suspends payment of costs under subsection (b), the court retains jurisdiction over the convicted person until the convicted person has paid the entire amount of the costs.

    (d)       Upon any default in the payment of the costs:

        (1)       an attorney representing the county may bring an action on a debt for the unpaid amount;

        (2)       the court may direct that the person, if the person is not indigent, be committed to the county jail and credited toward payment at the rate of twenty dollars ($20) for each twenty-four (24) hour period the person is confined, until the amount paid plus the amount credited equals the entire amount due; or

        (3)       the court may institute contempt proceedings to enforce the court's order for payment of the costs.

    (e)       If, after a hearing under subsection (a) or (b), the court determines that a convicted person is able to pay part of the costs of representation, the court shall order the person to pay an amount of not more than the cost of the defense services rendered on behalf of the person. The clerk shall deposit the amount paid by a convicted person under this subsection in the county's supplemental public defender services fund established under IC 33-40-3-1.

    (f)       A person ordered to pay part of the cost of representation under subsection (e) has the same rights and protections as those of other judgment debtors under the Constitution of the State of Indiana and Indiana law.

[4] Indiana Code Section 35-38-1-18 provides:

    (a)       Except as provided in subsection (b), whenever the court imposes a fine, it shall conduct a hearing to determine whether the convicted person is indigent. If the person is not indigent, the court shall order:

        (1)       that the person pay the entire amount at the time sentence is pronounced;

        (2)       that the person pay the entire amount at some later date;

The State argues that "[c]ommunity service is a reasonable condition in lieu of fines and costs." Appellee's Br. p. 6. Although community service may be a reasonable alternative to the imposition of costs or fines, the trial court must have the statutory authority to make such an order. The State cites several statutes that allow the imposition

---

      (3)      that the person pay specified parts at designated intervals; or

      (4)      at the request of the person, commitment of the person to the county jail for a period of time set by the court in lieu of a fine. If the court orders a person committed to jail under this subdivision, the person's total confinement for the crime that resulted in the conviction must not exceed the maximum term of imprisonment prescribed for the crime under IC 35-50-2 or IC 35-50-3.

(b)      A court may impose a fine and suspend payment of all or part of the fine until the convicted person has completed all or part of the sentence. If the court suspends payment of the fine, the court shall conduct a hearing at the time the fine is due to determine whether the convicted person is indigent. If the convicted person is not indigent, the court shall order the convicted person to pay the fine:

      (1)      at the time the fine is due; or

      (2)      in a manner set forth in subsection (a)(2) through (a)(4).

(c)      If a court suspends payment of a fine under subsection (b), the court retains jurisdiction over the convicted person until the convicted person has paid the entire amount of the fine.

(d)      Upon any default in the payment of the fine:

      (1)      an attorney representing the county may bring an action on a debt for the unpaid amount;

      (2)      the court may direct that the person, if the person is not indigent, be committed to the county jail and credited toward payment at the rate of twenty dollars ($20) for each twenty-four (24) hour period the person is confined, until the amount paid plus the amount credited equals the entire amount due; or

      (3)      the court may institute contempt proceedings or order the convicted person's wages, salary, and other income garnished in accordance with IC 24-4.5-5-105 to enforce the court's order for payment of the fine.

7

of community service, but none of them are relevant here.  See, e.g., I.C. § 31-14-12-3 (authorizing the trial court to order community service in the context of contempt for failure to pay child support in a paternity action); I.C. § 31-14-15-4 (authorizing the trial court to order community service in the context of contempt for parenting time violations in a paternity action); I.C. § 31-16-12-6 (authorizing the trial court to order community service in the context of contempt for failure to pay child support); I.C. § 31-17-4-8 (authorizing the trial court to order community service in the context of contempt for parenting time violations); and I.C. § 34-28-5-1 (authorizing the trial court to order community service in lieu of a monetary judgment for an ordinance violation).

Given the lack of statutory authority for the trial court to impose a community service requirement in lieu of costs and fees, we must reverse the trial court's order.  We remand for the trial court to address the imposition of costs and fees in this case.  In doing so, we note that, our supreme court has held, "when fines or costs are imposed upon an indigent defendant, such a person may not be imprisoned for failure to pay the fines or costs."  Whedon, 765 N.E.2d at 1279.

## Conclusion

The trial court erred by imposing community service in lieu of costs and fines without statutory authority to do so.  We reverse and remand.

Reversed and remanded.

RILEY, J., concurs.

BAKER, J., dissents with opinion.

8

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AMANDA VAUGHN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1207-CR-544 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

**BAKER, Judge, dissenting.**

I respectfully dissent and part ways with the majority's determination that the trial court erred in ordering Vaughn to serve forty hours of community service in lieu of paying fines and costs.

First, I would note that a trial court may exercise its discretion by suspending fines and costs, and "may impose any reasonable condition it deems appropriate when it does so." Campbell v. State, 551 N.E.2d 1164, 1169 (Ind. Ct. App. 1990). In my view, ordering Vaughn to perform community service in lieu of fines and costs was reasonable.

As the majority points out, the trial court did not order that Vaughn would be imprisoned if she failed to complete the ordered community service. Slip op. at 3.

9

Moreover, I cannot agree with the majority's view that the statutes the State cites in support of the notion that community service is permissible in lieu of fines and costs are not relevant here. By analogy, I believe that the trial court had the authority to order Vaughn to perform community service in this instance. Thus, I would affirm the trial court's judgment.