Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED
Oct 04 2013, 5:42 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DEXTER BERRY**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DEXTER BERRY, | ) |
| | ) |
|     Appellant-Defendant, | ) |
| | ) |
|        vs. | )   No. 49A04-1301-CR-34 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
|     Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Clark H. Rogers, Judge
Cause No. 49F25-1203-FB-14944

**October 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Pro-se Appellant Dexter Berry ("Berry") appeals a sentencing order entered after he pled guilty to Burglary, as a Class B felony.[1] We remand the matter for credit time calculation.

**Issues**

Berry raises three issues:

I.    Whether he was improperly denied pretrial credit time;

II.   Whether the order that he serve a year in work release as a term of probation is in violation of his plea agreement with the State; and

III.  Whether restitution outside the plea agreement was awarded in error.

**Facts and Procedural History**

On March 5, 2012, Berry broke and entered into the dwelling of Luz and Sergio Arcos in Marion County, Indiana. As a result, he was charged with Burglary. He posted bond but was arrested on new charges in May of 2012. On July 26, 2012, Berry filed a motion to revoke his bond in the Arcos case to allow the earning of pretrial credit time attributable to his incarceration on the burglary charge.

On November 14, 2012, Berry and the State executed a plea agreement providing that Berry would plead guilty to the Arcos burglary and several other charges.[2] The plea agreement set a term of ten years as the initial executed sentence for the Arcos burglary and

---

[1] Ind. Code § 35-43-2-1.

[2] The plea agreement is not included in the Appendix. However, Berry included a copy of a plea agreement in his brief. The State does not challenge the accuracy of the copy and its language is consistent with the bench discussions at the guilty plea and sentencing hearings.

provided that the executed sentence was open as to placement. The parties additionally agreed that Berry could be required to serve a portion or all of his suspended time on probation. The agreement specified restitution to Berry's victims in several other cases but did not specify that restitution was to be made to Luz or Sergio Arcos. Other aspects of Berry's sentence were to be left to the discretion of the trial court.

On December 7, 2012, the trial court sentenced Berry to fifteen years imprisonment, with five years suspended. He was ordered to serve two years on probation with one year of the probationary period in work release. He was given credit for four days pretrial incarceration. This appeal ensued.

**Discussion and Decision**

Credit Time

Berry's bond was revoked on July 26, 2012 and he was incarcerated in the Marion County Jail until his sentencing date of December 7, 2012. He contends that he is entitled to an additional 135 days of pretrial credit time attributable to this period of incarceration. The State agrees.

Initially, a person imprisoned for a crime or confined awaiting trial or sentencing is assigned to Class I and, based upon that classification, earns one day of credit time for each day he is confined. I.C. §§ 35-50-6-3, 35-50-6-4(a). Determination of a defendant's pretrial credit is dependent upon (1) pretrial confinement, and (2) the pretrial confinement being a result of the criminal charge for which sentence is being imposed. Bischoff v. State, 704 N.E.2d 129, 130 (Ind. Ct. App. 1998), trans. denied. "Pre-sentence jail time credit is a matter

3

of statutory right, not a matter of judicial discretion." <u>Weaver v. State</u>, 725 N.E.2d 945, 948 (Ind. Ct. App. 2000).

When a defendant is incarcerated on multiple unrelated charges at the same time, a period of confinement may be the result of more than one offense. <u>Diedrich v. State</u>, 744 N.E.2d 1004, 1005 (Ind. Ct. App. 2001). If a person is incarcerated awaiting trial on more than one charge and is sentenced to concurrent terms for the separate crimes, he is entitled to credit time applied against each separate term. <u>Stephens v. State</u>, 735 N.E.2d 278, 284 (Ind. Ct. App. 2000), <u>trans. denied</u>. However, "[w]here a defendant is convicted of multiple offenses and sentenced to consecutive terms, the jail credit is applied against the aggregate sentence." <u>Shane v. State</u>, 716 N.E.2d 391, 400 (Ind. 1999).

Berry received concurrent sentences for separate crimes. It appears – on the basis of the limited record before us – that Berry is entitled to 135 days in addition to the 4 days pretrial credit time applied in the sentencing order against the term for the Arcos burglary.

<u>Order that One Year Probation be Served in Work Release</u>

Pursuant to the plea agreement, Berry was to serve an initial ten-year executed sentence (with placement options open) for the Arcos burglary, a portion of Berry's aggregate sentence would be suspended, and the trial court was to have discretion to order Berry to serve some or the entirety of the suspended portion of his sentence on probation. Restitution was contemplated, with some amounts stated and some amounts to be determined later, and other aspects of Berry's sentence were specifically left to the discretion of the trial court.

4

In addition to ordering an executed sentence of ten years and restitution, the trial court ordered a two-year term of probation and further ordered that one year of that probation be "spent through work release." (Tr. 34.) Berry did not object to the trial court that this was a material variance from the plea agreement. Now, however, he claims that this violated the terms of the plea agreement by adding an additional year of executed time.

As a general proposition, trial courts may exercise broad discretion in setting the conditions of probation, subject to appellate review only for an abuse of that discretion. Freije v. State, 709 N.E.2d 323, 324 (Ind. 1999). However, when a trial court accepts a plea agreement, it shall be bound by its terms. Id. A condition of probation imposing a substantial obligation of a punitive nature is part of the sentence and must be specified in the plea agreement. Id.

If the State and a defendant include a term in their plea agreement providing the trial court with discretion to establish conditions of probation, both parties "take their chances" and the court is within the express terms of the plea agreement in imposing some, all, or none of the lawful conditions. Id. at 325. Here, the parties agreed that all aspects of Berry's sentence beyond those articulated would be within the discretion of the trial court.

Indiana Code section 35-38-2-2.3(a)(3), setting forth conditions of probation, provides in relevant part: "As a condition of probation, the court may require a person to do a combination of the following: . . . Attend or reside in a facility established for the instruction, recreation, or residence of persons on probation." Subsection (c) provides: "As a condition of probation, the court may require that the person serve a term of imprisonment in an

appropriate facility at the time or intervals (consecutive or intermittent) within the period of probation the court determines."

Presumably, the trial court's order for "work release" as a condition of Berry's probation refers to a facility appropriate for probationers in accordance with the foregoing statute. Such is a lawful condition of probation and did not violate the plea agreement.

<u>Restitution Order</u>

Berry was ordered to pay restitution to Luz and Sergio Arcos in the amount of $1,370.00. He argues that this is an increase in his penalty outside the terms of his plea agreement.[3]

At the sentencing hearing, the deputy prosecutor requested restitution in the foregoing amount. After a discussion regarding which particular items had been recovered, their condition, and the outcome of a juvenile court proceeding involving Berry's co-actors, Berry's counsel advised:

> And Judge, my client is just indicating to me that he doesn't wish to dispute any of that amount. Those amounts on them, so that [is] a non-issue. I'll withdraw any issue with any of that. It's just – a lot of it was in [sic] my part as to what was said, but I know that was the amount ordered in juvenile so.

(Tr. 28.) The trial court requested clarification: "So we're okay on restitution that's been claimed so far" and Berry's counsel responded: "Yes, ma'am." (Tr. 29.)

Having specifically acquiesced to the request for restitution, Berry establishes no reversible error in this regard. See <u>Antcliff v. State</u>, 688 N.E.2d 166, 171 (Ind. Ct. App.

---

[3] He also argues that the amount of restitution to some other victims in other causes was based on speculation and hearsay. However, he perfected his pro-se appeal only in the Arcos case.

6

1997) (an order for restitution was proper where the defendant stipulated that he owed the amount to the victims and was willing to pay it).

## Conclusion

It appears that Berry was improperly denied pretrial credit time and we remand for recalculation of his credit time. Otherwise, Berry has established no sentencing error or violation of his plea agreement sentencing terms.

Remanded.

MAY, J., and BRADFORD, J., concur.