

FILED

Sep 15 2020, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James T. Knight,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 15, 2020

Court of Appeals Case No.
20A-CR-268

Appeal from the Carroll Circuit
Court

The Honorable Benjamin A.
Diener, Judge

Trial Court Cause No.
08C01-1710-F5-21

**Pyle, Judge.**

## Statement of the Case

James T. Knight ("Knight")—who is a licensed Indiana attorney and who pled guilty to Class A misdemeanor battery in exchange for the dismissal of two felony criminal confinement charges, a felony domestic battery charge, and a

misdemeanor domestic battery charge—appeals the trial court's order amending the conditions of his probation pursuant to INDIANA CODE § 35-38-2-1.8. Knight argues that the trial court abused its discretion and committed fundamental error when it amended his probation conditions to include a community service condition, requiring Knight to complete 600 hours of service during his one-year probationary period and to report his hours to probation on a monthly basis. Knight raises procedural challenges under INDIANA CODE § 35-38-2-1.8 to the trial court's imposition of the community service condition and a substantive challenge to the condition.

[2] We conclude that the trial court complied with the procedural requirements of INDIANA CODE § 35-38-2-1.8 when it held a new probation hearing. We, however, conclude that—under the specific facts of this case—the imposition of the community service probation condition was beyond the trial court's discretion where that condition was not specified in Knight's plea agreement and where the plea agreement contained language that limited the trial court's discretion to impose that condition. Accordingly, we reverse the trial court's imposition of the community service probation condition.

[3] We reverse.

# Issue

Whether the trial court abused its discretion and committed fundamental error when it amended the conditions of Knight's probation.

Facts

In October 2017, the State charged Knight with: Count 1, Level 5 felony domestic battery; Counts 2 and 3, Level 5 felony criminal confinement; and Count 4, Class A misdemeanor domestic battery.[1] Count 1 was elevated to a Level 5 felony based on Knight's 2014 conviction for domestic battery against his wife.[2]

In April 2018, the State moved for the appointment of a special prosecutor because Knight had previously spoken to the prosecutor about representing Knight in this current case. The trial court granted the motion and appointed a special prosecutor. Thereafter, in October 2019, the State, under the special prosecutor, charged Knight with an additional count, Count 5, Class A misdemeanor battery resulting in bodily injury.

On December 12, 2019, Knight entered into a plea agreement, in which he agreed to plead guilty to Count 5 in exchange for the State's dismissal of the remaining four counts. The plea agreement at issue in this appeal provided, in relevant part, as follows:

> [Knight] shall plead guilty to Count 5, Battery Resulting in
> Bodily Injury, a Class A Misdemeanor. [Knight] shall be

---

[1] The charging informations indicate that allegations in Counts 1 and 2 were in reference to Knight's actions against his wife, Cathy Knight, and that the allegations in Counts 3 and 4 were in reference to Knight's actions against Gene Knight.

[2] We take judicial notice, pursuant to Indiana Evidence Rule 201, that our Indiana Supreme Court issued a public reprimand against Knight based upon his 2014 domestic battery conviction. *See In re Knight*, 42 N.E.3d (Mem.) (Ind. June 5, 2015), Cause Number 09S00-1410-DI-648.

sentenced to the Carroll County Jail for a period of 365 days, all suspended. [Knight] shall be placed on formal probation for the balance of the suspended sentence. *Terms and conditions of probation are to be at the Court's discretion, but shall include restitution in the amount of $1405.00 for medical expenses incurred; completion of alcohol/substance abuse program.* The other counts herein shall be dismissed. Any fees, costs, or fines shall be left to the discretion of the Court. *Upon proof of payment of restitution, costs and fees and submission of proof of alcohol/substance abuse counseling, [Knight's] probation shall automatically change to informal, non-reporting probation.*

(App. Vol. 2 at 63) (emphases added).

[7] During the combined guilty plea and sentencing hearing, which was conducted by a senior judge, Knight pled guilty and admitted that he had knowingly and intentionally touched his wife in a rude, insolent or angry manner when he grabbed her and dragged her by her leg, resulting in her bodily injury. Knight submitted a written, confidential sentencing memorandum and submitted proof that he had completed a counseling program as required by the plea agreement. The senior judge accepted Knight's plea agreement and guilty plea, imposed probation conditions that did not include community service, and sentenced the then fifty-five-year-old Knight in accordance with the plea agreement.

[8] Shortly thereafter, at the end of December 2019, the regular presiding judge notified the parties that the court—on its own motion and pursuant to INDIANA CODE § 35-38-2-1.8—was setting a hearing "for the purpose of modifying the

conditions of [Knight's] probation." (App. Vol. 2 at 77).[3] During the January 20, 2020 hearing ("the new probation hearing"), the trial court again informed Knight that it was amending the conditions of Knight's probation pursuant to INDIANA CODE § 35-38-2-1.8. The trial court specifically pointed out that it was authorized, under subsection (d) of this statute, to hold a new probation hearing even if Knight had not violated the conditions of probation or the State had not filed a petition to revoke his probation. The trial court stated that it had "generated an Amended Order on Probation" and then informed Knight that it was adding the following two conditions to Knight's probation: (1) Condition 11, which provided that Knight was required to perform 600 hours of community service during his probationary period and to report his hours to probation on a monthly basis ("Community Service Condition");[4] and (2) Condition 14, which directed Knight that he was prohibited from possessing a firearm without permission ("Firearm Condition").[5] The trial court also

---

[3] We note that it is likely that given the seriousness of the initial charges, the presiding judge was not happy to learn of the plea agreement that had been negotiated by the parties and accepted by the senior judge.

[4] Condition 11, the Community Service Condition, provided:

> You shall perform volunteer labor for local governmental or charitable organizations. You shall perform six hundred (600) hours of volunteer labor during your term of probation; no less than fifty (50) hours of labor each month during the term of your probation; all volunteer labor shall be subject to the further conditions, limitations, and agreements contained in the Community Work Service Agreement, which you shall complete with your Probation Officer; You shall submit proof of volunteer labor monthly, by the 7th day of the following month; beginning February 1, 2020, any month with fewer than fifty (50) hours of volunteer labor performed shall constitute a violation of probation[.]

(App. Vol. 2 at 81; Tr. Vol. 2 at 17).

[5] Condition 14, the Firearm Condition, provided: "You shall not carry, transport, or have in your possession any type of firearm, destructive device, or dangerous weapon without written permission from your Probation Officer or the Court[.]" (App. Vol. 2 at 82; Tr. Vol. 2 at 17).

advised Knight that if he violated either of these additional conditions during his probationary period, then a probation revocation petition could be filed before the earlier of: (1) one year after the termination of his probation; or (2) forty-five days after the State receives notice of the violation.

[9] The trial court then gave Knight and his counsel an opportunity to review the amended probation terms. Thereafter, Knight challenged the inclusion of the Community Service Condition, but he did not contest the addition of the Firearm Condition. Knight argued that, pursuant to *Jackson v. State*, 968 N.E.2d 328 (Ind. Ct. App. 2012), the trial court did not have authority to add the Community Service Condition because the condition was "punitive of nature" and not contained in the plea agreement. (Tr. Vol. 2 at 18). The trial court took a brief recess to read the *Jackson* case. Thereafter, the trial court went back on the record and stated that the *Jackson* case was distinguishable from the facts of Knight's case because Knight's plea agreement had expressly provided that the terms and conditions of Knight's probation were left to the trial court's discretion.

[10] The trial court then noted that, as part of Knight's plea agreement, Knight had given up the right to appeal his sentence but had not waived his right to appeal the terms of his probation. The trial court then informed Knight that he, therefore, had the right to appeal the trial court's modification of his probation conditions. Knight indicated that he was going to appeal and asked the trial court to "toll" the Community Service Condition until the appellate process had been completed. (Tr. Vol. 2 at 22). The trial court denied Knight's request.

The trial court stated that it was "[the court's] understanding [that] the fees have already been paid and so [Knight's] probation, by the agreement, [wa]s already non-reporting, and so, as such, Mr. Knight, . . . should have ample time to volunteer at local organizations, better the community in furtherance of the terms of probation." (Tr. Vol. 2 at 22).

[11] Thereafter, following the new probation hearing, the trial court entered an order amending Knight's conditions of probation ("Amended Probation Order"). The trial court's Amended Probation Order specified that the order was "**AMENDED AFTER NOTICE AND HEARING HELD JANUARY 20, 2020**." (App. Vol. 2 at 83) (emphasis in original). Knight now appeals.

[12] Shortly after Knight commenced this appeal, he filed with the trial court a motion to stay the Community Service Condition, arguing that the imposition of the 600 hours of community service was an "onerous burden on Knight who must bill hours of work as a lawyer and maintain his legal practice and pay his staff." (App. Vol. 2 at 100). Thereafter, the trial court held a hearing and then, in June 2020, issued an order granting the stay.

# Decision

[13] Knight argues that the trial court abused its discretion and committed fundamental error when it amended his probation conditions to include the Community Service Condition. Specifically, Knight contends that: (1) the trial court abused its discretion because it *sua sponte* amended his probation conditions before holding a hearing; (2) the trial court abused its discretion by

ordering an amount of community service that was coercive and unrelated to his rehabilitation; (3) the trial court abused its discretion by imposing new probation conditions when there was no probation violation, no change in the law, and no change in his circumstances; and (4) the trial court committed fundamental error by denying him a right to allocution during the hearing. Three of Knight's four arguments relate to the procedural aspect of the new probation hearing, while the remaining argument is an attack on the substance of the Community Correction Condition. Accordingly, we will review his arguments according to these procedural and substantive aspects.

[14] "Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment." *Bratcher v. State*, 999 N.E.2d 864, 873 (Ind. Ct. App. 2013) (internal quotation marks and citation omitted). INDIANA CODE § 35-38-2-2.3 contains a host of requirements that a trial court may impose on a defendant as a condition of probation. Relevant to this appeal, this statute permits a trial court to impose community service as a condition of probation. I.C. § 35-38-2-2.3(a)(14) (providing that, as a condition of probation, a trial court may require a defendant to "[p]erform uncompensated work that benefits the community").[6] "Trial courts have broad discretion in determining the appropriate conditions of a defendant's probation." *Howe v. State*, 25 N.E.3d 210, 213 (Ind. Ct. App.

---

[6] Another condition of probation that a trial court may impose is for the defendant to "[r]efrain from possessing a firearm or other deadly weapon unless granted written permission by the court or the [defendant's] probation officer." I.C. § 35-38-2-2.3(a)(9).

2015). "This discretion is limited only by the principle that the conditions imposed must be reasonably related to the treatment of the defendant and the protection of public safety." *Id.* "This [C]ourt will not set aside the terms of a probation order unless the trial court has abused its discretion." *Collins v. State*, 911 N.E.2d 700, 707 (Ind. Ct. App. 2009), *trans. denied*.

[15] At the heart of this appeal is INDIANA CODE § 35-38-2-1.8, which was enacted in 2005 and provides, in relevant part, as follows:

> (b) The court may hold a new probation hearing *at any time during a probationer's probationary period*:
>
>> (1) upon motion of the probation department or *upon the court's motion*; and
>>
>> (2) after giving notice to the probationer.
>
> (c) At a probation hearing described in subsection (b), *the court may modify the probationer's conditions of probation.* If the court modifies the probationer's conditions of probation, the court shall:
>
>> (1) specify in the record the conditions of probation; and
>>
>> (2) advise the probationer that if the probationer violates a condition of probation during the probationary period, a petition to revoke probation may be filed before the earlier of the following:
>>
>>> (A) One (1) year after the termination of probation.
>>>
>>> (B) Forty-five (45) days after the state receives notice of the violation.
>
> (d) *The court may hold a new probation hearing* under this section *even if*:

> (1) *the probationer has not violated the conditions of probation*; or
>
> (2) the probation department has not filed a petition to revoke probation.

(Emphases added).

[16] Knight challenges procedural aspects of the trial court's new probation hearing and modification of his probation conditions pursuant to INDIANA CODE § 35-38-2-1.8. We note that during the new probation hearing, Knight challenged the trial court's authority to add only the Community Service Condition, and he specifically stated that he did not contest the addition of the Firearm Condition. On appeal, he does not raise a specific argument against the Firearm Condition.

[17] Knight contends that the modification of his probation conditions to include the Community Service Condition was procedurally deficient under INDIANA CODE § 35-38-2-1.8 because the trial court: (1) *sua sponte* amended his probation conditions before holding a hearing; (2) imposed new probation conditions when there was no probation violation, no change in the law, and no change in his circumstances; and (3) denied him a right to allocution during the new probation hearing.

[18] We first turn to Knight's argument that the trial court's modification of his probation conditions was procedurally improper because the trial court *sua sponte* amended his probation conditions before holding a hearing. The crux of Knight's argument is focused on subsection (c) of INDIANA CODE § 35-38-2-1.8,

which provides, in relevant part, that "[a]t a probation hearing . . ., the court may modify the probationer's conditions of probation." I.C. § 35-38-2-1.8(c). Knight does not dispute that the trial court held a hearing. Instead, Knight argues that the trial court essentially imposed the new probation conditions *prior to* the hearing and not *at* the hearing because the trial court came into the hearing with the Amended Probation Order "already drafted." (Knight's Br. 11). He contends that the trial court's act of bring a copy of its Amended Probation Order into the hearing equated to the trial court "issu[ing] an order modifying probation before holding a hearing." (Knight's Br. 11).

[19] Contrary to Knight's argument, the record on appeal reveals that the trial court amended the probation conditions and issued its Amended Probation Order after holding the new probation hearing. During the hearing, the trial court informed Knight that it had "generated an Amended Order on Probation[.]" (Tr. Vol. 2 at 16). Thereafter, the trial court complied with the requirements of INDIANA CODE § 35-38-2-1.8(c)(1) and (c)(2) when it: (1) advised Knight of the two new probation conditions by reciting aloud the entirety of the Community Service Condition and the Firearm Condition; and (2) advised Knight that if he violated either of these additional conditions during his probationary period, then a probation revocation petition could be filed before the earlier of one year after the termination of his probation or forty-five days after the State receives notice of the violation. The trial court then presented a copy of its Amended Probation Order to Knight so that he and his counsel could review the amended probation terms. After the trial court considered and rejected Knight's

argument against the Community Service Condition, the trial court stated that it was "*going to* impose the two new conditions as stated on the record" and "enter an Amended Order on Probation [with] today's date[.]" (Tr. Vol. 2 at 21) (emphasis added). Subsequently, the trial court entered and issued its Amended Probation Order, which specified that it was "**<u>AMENDED AFTER NOTICE AND HEARING HELD JANUARY 20, 2020</u>**." (App. Vol. 2 at 83) (emphasis in original). Thus, the trial court complied with the requirements of INDIANA CODE § 35-38-2-1.8(c) for modifying Knight's probation conditions.

[20] Next, we address Knight's contention that the trial court improperly imposed the new probation condition when there was no probation violation, no change in the law, and no change in his circumstances. In support of his argument, Knight cites to *Ferrill v. State*, 904 N.E.2d 323 (Ind. Ct. App. 2009) and *Jones v. State*, 789 N.E.2d 1008 (Ind. Ct. App. 2003), *reh'g denied*, *trans. denied*.

[21] The plain language of INDIANA CODE § 35-38-2-1.8 shows that Knight's argument is without merit. Specifically, subsection (a) provides that a trial court "may hold a new probation hearing at any time during a probationer's probationary period[,]" while subsection (d) provides that a trial "court may hold a new probation hearing under this section even if: (1) the probationer has not violated the conditions of probation; or (2) the probation department has not filed a petition to revoke probation." I.C. § 35-38-2-1.8(a),(d) (format altered). Moreover, this Court has interpreted INDIANA CODE § 35-38-2-1.8 and held that, under this statute, "probation can be altered at any time, even in the absence of a probation violation." *Collins*, 911 N.E.2d at 708.

[22] Additionally, Knight's reliance on *Jones* and *Ferrill* is misplaced. The *Collins* Court explained that *Jones*, which was decided prior to the enactment of INDIANA CODE § 35-38-2-1.8, has been superseded by the enactment of INDIANA CODE § 35-38-2-1.8, which "clearly gives a trial court authority to revise the terms of probation regardless of whether a probation violation has occurred[.]" *Id.* The *Collins* Court also questioned the applicability of *Ferrill*, which had been decided after the enactment of INDIANA CODE § 35-38-2-1.8 but had failed to mention or address the applicability of that statute and had instead applied the superseded *Jones* case. *Id.* at 708, n.2. Based on those factors, the *Collins* Court "decline[d] to follow *Ferrill*." *Id.* Although not discussed by *Collins*, we note that *Ferrill* is distinguishable, and thus inapplicable to this case, because its holding was based on an application and interpretation of INDIANA CODE § 35-38-2-1(b),[7] which is not at issue in this appeal. Thus, we too decline to follow *Ferrill*.

---

[7] INDIANA CODE § 35-38-2-1(b) provides:

> In addition, if the person was convicted of a felony and is placed on probation, the court shall order the person to pay to the probation department the user's fee prescribed under subsection (d). If the person was convicted of a misdemeanor, the court may order the person to pay the user's fee prescribed under subsection (e). The court may:
>
> > (1) modify the conditions (except a fee payment may only be modified as provided in section 1.7(b) of this chapter); or
> >
> > (2) terminate the probation;
>
> at any time. If the person commits an additional crime, the court may revoke the probation.

[23]     We now briefly turn to Knight's last procedural challenge to the trial court's new probation hearing. Knight contends that the trial court denied his right to allocution under INDIANA CODE § 35-38-1-5.[8]

[24]     In relevant part, INDIANA CODE § 35-38-1-5 provides that when a defendant appears for sentencing following a "verdict of the jury" or a "finding of the court[,]" the trial court "shall ask the defendant whether the defendant wishes to make . . . a statement" on his "own behalf[.]" I.C. § 35-38-1-5. Our Indiana Supreme Court has explained that where a trial court is not pronouncing a sentence—such as in a probation revocation hearing or a sentencing hearing following a guilty plea—the trial court is not required ask the defendant whether he wishes to make a statement. *See Biddinger v. State*, 868 N.E.2d 407, 412 (Ind. 2007) (citing *Vicory v. State*, 802 N.E.2d 426, 429 (Ind. 2004)). If, however, a defendant specifically requests to make a statement in either of these two hearings, then the trial court should grant that request. *Biddinger*, 868 N.E.2d at 412 (citing *Vicory*, 802 N.E.2d at 429).

[25]     Knight contends that, pursuant to INDIANA CODE § 35-38-1-5, the trial court should have specifically asked him whether he wished to make a statement

---

[8] INDIANA CODE § 35-38-1-5 provides:

> When the defendant appears for sentencing, the court shall inform the defendant of the verdict of the jury or the finding of the court. The court shall afford counsel for the defendant an opportunity to speak on behalf of the defendant. The defendant may also make a statement personally in the defendant's own behalf and, before pronouncing sentence, the court shall ask the defendant whether the defendant wishes to make such a statement. Sentence shall then be pronounced, unless a sufficient cause is alleged or appears to the court for delay in sentencing.

during the new probation hearing that it held under INDIANA CODE § 35-38-2-1.8. He argues that "the right of allocution should be extended to hearings that modify the terms of a sentencing order, including hearings to modify the probation terms that were imposed as part of the original sentencing order." (Knight's Br. 20). The State, on the other hand, contends that the hearing modifying Knight's probation conditions was akin to a probation revocation hearing, which does not require the trial court to specifically ask a defendant if he wished to make a statement.

[26] We will not at this time, however, make a definitive determination on the parties' arguments because Knight has waived his allocution challenge by failing to object to the trial court's alleged error. *See Robles v. State*, 705 N.E.2d 183, 187 (Ind. Ct. App. 1998). "[A] party may not sit idly by, permit the court to act in a claimed erroneous manner, and then attempt to take advantage of the alleged error at a later time." *Id.* Because Knight failed to object during the new probation hearing, he has waived appellate review of his allocution argument. *See, e.g.*, *id.* (holding that the defendant who "did not object to the trial court's failure to grant him or his counsel the opportunity to speak before pronouncement of the sentence . . . [had] waived the alleged error and [wa]s precluded from raising it for the first time on appeal"). *See also Angleton v. State*, 714 N.E.2d 156, 159 (Ind. 1999) (holding that the defendant, who had been a practicing Indiana attorney, had waived his appellate allocution argument where he had failed to object to the trial court's alleged error during his resentencing hearing), *reh'g denied*, *cert. denied*; *Abd v. State*, 120 N.E.3d 1126,

1137 (Ind. Ct. App. 2019) (concluding that the defendant had waived his allocution argument on appeal), *trans. denied*. Accordingly, we conclude that the trial court complied with the procedural requirements of INDIANA CODE § 35-38-2-1.8 when it held the new probation hearing.[9]

[27] We next review Knight's substantive challenge to the Community Service Condition. Knight challenges both the imposition of community service as a condition of probation and the amount of service hours imposed. Specifically, he argues that the imposition of "600 hours of labor is coercive and punitive and not designed to serve the goal of rehabilitation." (Knight's Br. 13).

[28] "'As a general proposition trial courts have broad discretion in setting conditions of probation, subject to appellate review only for an abuse of discretion.'" *Berry v. State*, 10 N.E.3d 1243, 1246 (Ind. 2014) (quoting *Freije v. State,* 709 N.E.2d 323, 324 (Ind. 1999). "But '[i]f the court accepts a plea agreement, it shall be bound by its terms,' thus limiting the court's otherwise-broad discretion in ordering conditions of probation." *Berry*, 10 N.E.3d at 1246 (quoting *Freije,* 709 N.E.2d at 324 (quoting I.C. § 35-35-3-3(e))) (substitution original to *Freije*).

---

[9] In Knight's Reply Brief, he asserts that, under Indiana Trial Rule 63(A), any hearing to modify his probation conditions should have been conducted by the senior judge who conducted the original hearing. We decline to address this argument because Knight has waived it. *See Jones v. State*, 22 N.E.3d 877, 881 n.4 (Ind. Ct. App. 2014) (explaining that a party may not raise an issue for the first time in a reply brief and that an attempt to do so results in waiver of the issue).

[29] In *Freije*, the supreme court discussed a trial court's authority to impose probation conditions in cases involving a plea agreement. The *Freije* Court held that probation conditions that impose a "substantial obligation of a punitive nature" may be imposed only where either: (1) the condition was specified in the defendant's plea agreement; or (2) the plea agreement specifically provides that the trial court has discretion to establish the conditions of probation. *Freije*, 709 N.E.2d at 324-25 (citing *Disney v. State*, 441 N.E.2d 489 (Ind. Ct. App. 1982) and discussing *Antcliff v. State*, 688 N.E.2d 166 (Ind. Ct. App. 1997)). Additionally, the *Freije* Court explained that community service was one of those such conditions that "add to the punitive obligation[.]" *Freije,* 709 N.E.2d at 325.[10] As such, a trial court—when imposing community service as a condition of probation in a case involving a plea agreement—may impose such a condition either where the condition was specified in the defendant's plea agreement or where the plea agreement grants the trial court general discretion to establish probation conditions. *See id.* at 324-26.[11]

[30] Our appellate review of Knight's challenge to the trial court's imposition of the Community Service Condition requires this Court to review and apply the plea agreement entered between Knight and the State. "In construing the plea

---

[10] The *Freije* Court also held that home detention was also a probation condition that added to the punitive obligation. *Freije*, 709 N.E.2d at 325.

[11] Our supreme court advised that when parties enter into a plea agreement it would be "[b]etter still . . . to specify the court's discretion to set *'punitive* terms of probation,' to place the issue beyond all doubt. An ounce of drafting is worth a pound of appeal." *Berry*, 10 N.E.3d at 1248 (emphasis in original).

agreement, we are guided (though not strictly bound) by contract interpretation principles, and therefore begin with its plain language and read its provisions as a harmonious whole if possible." *Berry*, 10 N.E.3d at 1247 (internal citation omitted). When discussing the importance of strict adherence to plea agreements, our Indiana Supreme Court has explained that

> [t]he concept of plea bargaining contemplates an explicit agreement between the State and defendant which is binding upon both parties when accepted by the trial court. To allow the trial court to either increase or suspend the executed sentence, would deny the parties the essential purpose of their agreement. It is to the interest of both the defendant and the public to facilitate expeditious disposition of criminal cases. Strict adherence to the agreement is essential to this purpose.

*Freije*, 709 N.E.2d at 324-25 (quoting *State ex rel. Goldsmith v. Marion Cnty. Superior Ct.*, 275 Ind. 545, 419 N.E.2d 109, 114 (1981)).

[31] Knight's plea agreement—which was accepted by the trial court—contains language giving the trial court broad discretion to impose conditions of probation. However, the plea agreement contains additional language that limits the trial court's discretion upon a completion of a condition precedent. Specifically, the broad language in Knight's plea agreement provided: "*Terms and conditions of probation are to be at the Court's discretion,* but shall include restitution in the amount of $1405.00 for medical expenses incurred; completion of alcohol/substance abuse program." (App. Vol. 2 at 63) (emphasis added). However, the plea agreement also contains the following language: "Upon proof of payment of restitution, costs and fees and

submission of proof of alcohol/substance abuse counseling, [Knight's] probation shall automatically change to informal, non-reporting probation." (App. Vol. 2 at 63). Thus, while the initial language in Knight's plea agreement confers broad discretion to the trial court to impose probation conditions such as community service, the later language—providing that Knight's probation would revert to nonreporting probation—ultimately imposes a limitation on the trial court's discretion to order a probation condition that would require Knight to report to probation.

[32] Here, the trial court modified Knight's probation conditions to include the Community Service Condition, which required Knight to perform 600 hours of community service, with a minimum of fifty hours per month, during the remaining portion of his one-year probationary term and to submit proof of his service to the probation department on a monthly basis. However, at the time the trial court imposed this Community Service Condition, Knight had already completed his substance abuse counseling and had paid restitution, costs, and fees. Thus, per the terms of Knight's plea agreement, his probation was nonreporting. Because the specific language of Knight's plea agreement controls the general language, the trial court did not have authority under Knight's plea agreement to impose the Community Service Condition. *See* *Tubbs v. State,* 888 N.E.2d 814, 817 (Ind. Ct. App. 2008) (specific provision authorizing one condition of probation limited a more-general provision granting sentencing discretion). Accordingly, the trial court abused its discretion by modifying Knight's probation to include the Community Service

Condition. *See, e.g.*, *Berry*, 10 N.E.3d at 1249 (reversing the trial court's imposition of restrictive placement for probation, which was a punitive probation condition, where the plea agreement contained a general provision regarding the trial court's discretion and a "specific provision that implie[d] the absence of discretion over the placement of Defendant's probation"); *Freije*, 709 N.E.2d at 325-26 (reversing the trial court's imposition of 650 hours of community service as a condition of probation "in the absence of a plea agreement provision giving the trial court discretion to impose [that] condition[] of probation"); *Jackson v. State*, 968 N.E.2d 328, 332 (Ind. Ct. App. 2012) (following *Freije* and holding that the trial court was without authority to order the defendant to perform community service when the plea agreement did not provide for the imposition of that condition); *Tubbs,* 888 N.E.2d at 817 (holding that the language of the plea agreement did not authorize the trial court to impose the challenged probation condition).[12]

[33] In summary, we conclude that the trial court complied with the procedural requirements of INDIANA CODE § 35-38-2-1.8 when it held a new probation hearing. We, however, conclude that the imposition of the Community Service Condition was beyond the trial court's discretion where the plea agreement contained language that limited the trial court's discretion to impose that

---

[12] While Knight's argument tends to focus more on whether the Community Service Condition was reasonably related to his rehabilitation, we need not address that argument given our determination that the condition was not authorized under the specific language of the plea agreement.

condition.  Accordingly, we reverse the trial court's imposition of the Community Service Condition.[13]

[34]  Reversed.

Bradford, C.J., and Baker, Sr.J., concur.

---

[13] We note that we need not remand to the trial court because this case involves the trial court's improper imposition of a probation condition pursuant to INDIANA CODE § 35-38-2-1.8, and not from the imposition of a probation condition at an original sentencing hearing following the court's acceptance of the defendant's plea agreement.  *Cf. Freije*, 709 N.E.2d at 326; *Berry*, 10 N.E.3d at 1249; *Tubbs,* 888 N.E.2d 817.